Maurice G. **LEVINE**; Marcia D. Levine; Richard Roth; Lee Levine; Joan Levine; and Genia Berman, Plaintiffs,

v.

Harold **FUTRANSKY** and E.F. Hutton & Co., Defendants.

No. 85 C 8148.

United States District Court, N.D. Illinois, E.D.

June 27, 1986.

L. Andrew Brehm, Schuyler, Roche & Zwirner, Robert P. Bramnik, Arvey, Hodes, Costello & Burman, Chicago, Ill., for plaintiffs.

Joel S. Feldman, Sachnoff, Weaver & Rubenstein, Ltd., Chicago, Ill., for Futransky.

## ORDER

BUA, District Judge.

Before this Court is defendant Futransky's motion to dismiss for failure to state a claim upon which relief can be granted. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331. For the following reasons, defendant's motion is granted in part and denied in part.

## FACTS

Plaintiffs are trustees and beneficiaries of various trusts. From 1979 to 1984, plaintiffs employed defendant as their investment advisor to manage certain investment portfolios containing trust funds. Plaintiffs allege they hired defendant on the basis of defendant's representations to plaintiffs that defendant intended to limit all investment activity to investments in relatively conservative "covered" options.

Despite defendant's representations, defendant allegedly invested in riskier "uncovered or naked" options. These investments resulted in a substantial loss to plaintiffs' investment portfolios. Plaintiffs initiated this litigation based on their belief that their rights have been violated.

## DISCUSSION

### A. § 10(b) of the Securities Exchange Act of 1934

Defendant argues that Count I should be dismissed for failure to state a claim. In support, defendant presents three major arguments. First, defendant suggests plaintiffs failed to establish any damages. Second, defendant believes plaintiffs failed to allege that plaintiffs relied on defendant's misstatements or omissions. Third, defendant maintains plaintiffs failed to allege the required causal connection between any misstatements or omissions and the purchase and sale of a security. These arguments will be discussed separately.

■ Initially, defendant argues that Count I should be dismissed because "plaintiffs cannot establish any damages." Defendant believes that no damage occurred since the aggregate earnings of the profitable trust fund portfolios managed by defendant for plaintiffs exceed the aggregate loss of the remaining portfolios managed by defendant for plaintiffs. Consequently, defendant argues that plaintiffs did not suffer any damage because the overall result was a net profit to plaintiffs' portfolios.

In *Affiliated Ute Citizens v. United States,* 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1971), the Court did not determine whether plaintiffs were damaged by netting the aggregate gains and the aggregate losses. Instead, the *Affiliated Ute Citizens* court held that the correct measure of damages under § 28 of the 1934 Act is the difference between the fair value of what the plaintiff received and the fair value of what the plaintiff would have received had there been no fraudulent conduct. *Id.* at 155, 92 S.Ct. at 1473.

In the instant case, this Court holds that plaintiffs suffered damages even though the investment portfolios incurred a net gain. Plaintiffs may be entitled to recover the difference between the losses incurred on the sale of the speculative securities and the greater amount plaintiffs would have received had they not been defrauded and the more conservative securities had been bought and sold.

■ Second, defendant argues that plaintiffs' § 10(b) claim should be dismissed because plaintiffs failed to allege that

plaintiffs relied on defendant's alleged misstatements or omissions. Defendant contends plaintiff Levine authorized defendant to invest in "uncovered options" for plaintiffs' portfolios. Defendant believes such authorization defeats plaintiffs' claim that plaintiffs relied on defendant's representation that defendant would restrict his investments to more conservative "covered options."

This Court holds that plaintiffs properly alleged that they relied on defendant's misstatements or omissions. Since this motion is to dismiss plaintiffs' claims, the complaint must be construed in the light most favorable to the plaintiff. In paragraph 29 of Count I, plaintiffs allege that they relied on defendant's representation that defendant would restrict his investment strategy to conservative "covered options." Consequently, this Court construes paragraph 29 as true and believes plaintiffs properly alleged reliance.

Finally, defendant maintains that the § 10(b) claim should be dismissed because plaintiffs failed to allege the required causal connection between the alleged misstatements or omissions and the purchase or sale of any security. This Court disagrees.

A section 10(b) claim requires the alleged fraud to be in connection with the purchase or sale of any security. In *Superintendent of Insurance v. Bankers Life & Casualty Co.*, 404 U.S. 6, 12, 92 S.Ct. 165, 169, 30 L.Ed.2d 128 (1971), the Supreme Court held that this phrase "must be read flexibly, not technically and restrictively."

This Court holds that the "in connection with" provision requires some nexus but not necessarily a direct and close relationship. Applying this standard, the "in connection with" requirement is satisfied in the instant case. Plaintiffs clearly alleged that defendant's fraudulent conduct was connected with the purchase and sale of "uncovered options." Accordingly, defendant's motion to dismiss Count I is denied.

**B. § 17(a) of the Securities Act of 1933**

Defendant argues that Count II should be dismissed because a private right of action does not exist under § 17(a) of the 1933 Securities Act. Whether § 17(a) can be enforced by private damage suits is an open question in this circuit. *Ray v. Karris*, 780 F.2d 636 (7th Cir.1985); *Teamsters Local 282 Pension Trust Fund v. Angelos*, 762 F.2d 522, 530 (7th Cir.1985).

The Second and Ninth Circuits, however, have found that a private damage remedy exists under § 17(a). *See Stephenson v. Calpine Conifers II, Ltd.*, 652 F.2d 808 (9th Cir.1981); *Kirshner v. United States*, 603 F.2d 234 (2nd Cir.1978).

This Court finds the Second and Ninth Circuits' opinions persuasive in light of the minimal differences between § 17(a) of the 1933 Act and § 10(b) of the 1934 Act and the undisputed existence of a private right of action under § 10(b). Moreover, the Seventh Circuit's dicta in *Teamsters Local 282 Pension Trust Fund v. Angelos*, 762 F.2d 522, 530–31 (7th Cir.1985) and *Peoria Union Stock Yards Co. v. Penn Mutual Life Insurance Company*, 698 F.2d 320, 323–24 (7th Cir.1983), lead this Court to believe that the Seventh Circuit will follow the Second and Ninth Circuits when the Seventh Circuit addresses this issue. For these reasons, defendant's motion to dismiss Count II is denied.

**C. Investment Advisors Act**

Defendant argues that Count III should be dismissed for failure to state a claim. In particular, defendant asserts that § 206 of the Investment Advisors Act does not confer a private right of action for damages. This Court agrees.

Section 206 establishes "federal fiduciary standards" to govern the conduct of investment advisors. Whether Congress intended that this provision be enforced through private litigation is the issue before this Court.

In *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979), the Supreme Court held that § 206 of the Investment Advisors Act does not confer a private right of action. *Id.* at 19–20, 100 S.Ct. at 247. The Court ruled that a private remedy is limited to

parties claiming violation of § 215 of the Act and seeking "to void an investment advisor's contract, [since] the Act confers no other private causes of action, legal or equitable." *Id.* at 24, 100 S.Ct. at 249.

In the instant case, plaintiffs alleged defendant violated § 206 of the Investment Advisors Act and not § 215. Since § 206 does not confer a private right of action, plaintiffs' Count III claim must be dismissed.

### D. Improper Parties

Defendant argues that certain plaintiffs should be dismissed. Defendant contends that only trustees are proper plaintiffs. Consequently, defendant maintains that plaintiffs Lee and Joan Levine should be dismissed because neither are trustees.

Plaintiffs believe that defendant's argument creates only an "academic issue." Plaintiffs note that all beneficiaries are adequately represented since the trustees of each of the trusts are before this Court. Moreover, plaintiffs declare that "whether Lee and Joan Levine are dismissed from this action as plaintiffs is of no import."

Since plaintiffs do not object to the dismissal of Lee and Joan Levine, this Court grants defendant's motion to dismiss Lee and Joan Levine from all counts.

### E. Miscellaneous Arguments

Defendant's remaining arguments are conclusory allegations that various causes of action pursued by plaintiffs should be dismissed. After careful consideration, this Court finds these arguments meritless.

### CONCLUSION

Plaintiffs properly alleged § 10(b) and § 17(a) securities claims. However, plaintiffs' Count III claim alleging violation of the Investment Advisors Act must be dismissed since section 206 of the Investment Advisors Act does not confer a private right of action. Accordingly, defendant's motion to dismiss Count III is granted. In addition, defendant's motion to dismiss Lee and Joan Levine from all counts is granted. Finally, defendant's motion to dismiss the remaining counts is denied.

IT IS SO ORDERED.