RUBIN EPSTEIN & another *vs.* MATILDA ZWETCHKENBAUM, executrix.

Norfolk. March 4, 1969. — May 6, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Pleading, Civil,* Declaration.

A demurrer was properly sustained to a declaration alleging that the plaintiffs and the defendant's testator entered into a written contract and that the testator broke the contract but not setting forth the nature of the contract with the required certainty and precision.

CONTRACT AND TORT. Writ in the Superior Court dated January 11, 1965.

A demurrer was sustained by *Moynihan, J.*

*Joseph H. Elcock, Jr.,* for the plaintiffs.

*Alfred Sigel* for the defendant.

SPALDING, J. This bill of exceptions brings before us the correctness of the order sustaining the defendant's demurrer to the plaintiffs' amended declaration. Thereafter the plaintiffs' motion to substitute a second amended declaration was denied. This second amended declaration contained a typographical error, and the plaintiffs accordingly requested leave to file a corrected version of the

second amended declaration. This motion also was denied.[1]

The first paragraph of the amended declaration reads as follows: "The plaintiffs say that the defendant is the duly appointed Executrix under the Will of Edward Zwetchkenbaum, late of Bristol County; that the defendant's . . . [testator] entered into an agreement in writing with the plaintiffs whereby the plaintiffs agreed to construct a building and to lease said building to a new corporation to be formed by the defendant's . . . [testator] on terms and conditions set forth in said agreement. In consideration, therefor, the defendant's . . . [testator] agreed to guarantee personally the performance of the new corporation of its undertakings under such lease and to provide a personal financial statement . . . to be used by the plaintiffs in securing a construction loan mortgage to erect said building." The declaration then stated that the plaintiffs were ready and willing to fulfill their part of the agreement but "the defendant's testator wrongfully and without legal cause or justification neglected and refused to perform his part of the agreement and did breach said agreement."

The judge properly sustained the demurrer on the ground that the amended declaration failed to state concisely and with substantial certainty the substantive facts necessary to constitute a legal cause of action. See G. L. c. 231, § 7, Second. *Grandchamp* v. *Costello*, 289 Mass. 506, 507. It is not clear whether the alleged breach of contract by the defendant's testator concerned his failure to form a new corporation or a breach of his alleged promise to guarantee performance of the corporation's obligations. If the latter, there is no indication what the obligations of the defendant's testator as guarantor were to be. It might be argued that he agreed to guarantee all the obligations of the proposed corporation under the lease. But this does not resolve the difficulty, since the declaration does not specify what these obligations were. Moreover, the declaration seems

---

[1] It was conceded at the arguments that no question is presented either as to the sufficiency of the original declaration or as to the denial of the motions concerning the second amended declaration.

to indicate that the parties had not entered into a lease but had merely reached the stage of incomplete negotiations not amounting to a contract. See *Geo. W. Wilcox, Inc.* v. *Shell Eastern Petroleum Prod. Inc.* 283 Mass. 383, 387, 390; *Rosenfield* v. *United States Trust Co.* 290 Mass. 210, 217; *Saxon Theatre Corp. of Boston* v. *Sage*, 347 Mass. 662, 666. Whether the alleged breach related to the failure to form a new corporation or to the guaranty, the plaintiffs failed to set forth the nature of the contract with the required certainty and precision. See *Flower* v. *Suburban Land Co. Inc.* 332 Mass. 30, 32.

*Exceptions overruled.*