Roger P. **GAUDETTE** and Jeannine R. Gaudette, Plaintiffs,

v.

Peter **PANOS** and E.F. Hutton & Company, Inc., Defendants.

Civ. A. No. 86–0393–C.

United States District Court,
D. Massachusetts.

Jan. 7, 1987.

Robert C. Barber, Bradley W. Snyder, Looney & Grossman, Boston, Mass., for plaintiffs.

Gerald F. Rath, Bingham, Dana and Gould, John R. Snyder, Boston, Mass., for defendants.

CAFFREY, Senior District Judge.

This matter is before the Court on defendants' motion for reconsideration of this Court's Memorandum and Order filed September 24, 1986, which, among other rulings, denied defendants' motion to dismiss Count VIII of plaintiffs' second amended complaint. *Gaudette v. Panos*, 644 F.Supp. 826 (D.Mass.1986). Count VIII alleges that defendants E.F. Hutton & Co., Inc. ("Hutton") and Peter Panos violated the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962(d),[1] by conspiring together to commit two or more predicate acts under RICO § 1962(c). The predicate acts allegedly include violations of the federal wire fraud and mail fraud statutes, as well as federal securities and commodity laws. The factual and procedural background of this case is set forth in detail in *Gaudette*, 644 F.Supp. at 828–32.

Defendants make two primary arguments in urging this Court to dismiss plaintiffs' RICO § 1962(d) claim. Defendants first argue that plaintiffs cannot properly allege a civil conspiracy between Hutton and its employee Panos. Defendants rely on numerous federal district court decisions from this District and others holding that corporations and their employees are not capable of civil conspiracy under RICO. Defendants further argue that even though this Court dismissed plaintiffs' RICO § 1962(c) claim against Hutton, by permitting plaintiffs' RICO § 1962(d) claim to stand, this Court permits plaintiffs' attempted end run around the § 1962(c) requirement that the "person" who allegedly commits the RICO violation be separate from the "enterprise" whose affairs are

allegedly conducted through a pattern of racketeering activity. 18 U.S.C. § 1962(c); *Schofield v. First Commodity Corporation of Boston*, 793 F.2d 28, 30–31 (1st Cir.1986).[2]

In opposition to defendants' motion, plaintiffs make two primary arguments. Plaintiffs argue first that there is precedent for this Court's refusal to dismiss a RICO conspiracy claim against a corporation and its officers. Relying primarily on *Econo-Car International, Inc. v. Agency Rent-A-Car, Inc.*, 589 F.Supp. 1368 (D.Mass.1984), plaintiffs argue that the policies underlying RICO are vindicated by permitting plaintiffs to assert the existence of an intracorporate conspiracy notwithstanding the traditional notions of civil conspiracy. Plaintiffs' second argument is that since federal district courts are split on the issue of whether intracorporate conspiracies support a § 1962(d) claim, there is no clear weight of authority either way and therefore this Court's previous refusal to dismiss plaintiffs' conspiracy claim should stand.

In determining whether a corporation can be liable for a civil conspiracy with its employees, we look first to *Cape Cod Food Products, Inc. v. National Cranberry Association*, 119 F.Supp. 900, 909 (D.Mass. 1954), where the court ruled that whenever employees act within the scope of their duties, they act as the corporation and as such are incapable of civil conspiracy with it. In a decision consistent with the principle of *Cape Cod Food Products*, the court in *Williams v. Northfield Mount Hermon School*, 504 F.Supp. 1319 (D.Mass.1981), dismissed plaintiff's conspiracy claim under 42 U.S.C. § 1985(3). Plaintiff alleged that

---

1. 18 U.S.C. § 1962(d) makes it unlawful for any person to conspire to violate any of the provisions of subsections (a), (b) or (c) of § 1962.

2. Previously, this Court refused to permit plaintiffs to assert defendant Hutton's liability under RICO § 1962(c) or under principles of *respondeat superior*. This Court permitted plaintiffs' RICO § 1962(d) conspiracy claim to stand against both defendants, however, because "an alleged conspiracy is distinct from an alleged RICO violation, which, as to Panos, is not dismissed." *Gaudette*, 644 F.Supp. at 840. The

Court relied on *Onesti v. Thomson McKinnon Securities, Inc.*, 619 F.Supp. 1262, 1266 (N.D.Ill. 1985), where the court held that dismissal of the § 1962(c) claim did not require dismissal of the § 1962(d) claim because the two claims were separable. Upon reconsideration, this Court is persuaded that the decision in *Onesti*, where the court did not rule out the possibility of a dual corporate role under § 1962(d), is inconsistent with the decision in *Schofield* which I conclude is dispositive of the question presented here.

two deans at the private boarding school that dismissed her were liable for conspiring together to deprive the plaintiff of her civil rights. *Id.* at 1328. The court ruled that since the two deans acted within the scope of their duties as school officials, they acted as "the school" and therefore they could not be liable for conspiring with it. *Id.* at 1329.[3] Here, as in *Williams,* it is conceded by plaintiffs that defendant Panos acted within the scope of his responsibilities as an employee of defendant Hutton. The fact that Panos' alleged conspiracy with his employer arises in the context of RICO does not alter the conclusion that plaintiffs cannot state a conspiracy claim. *Medallion TV Enterprises, Inc. v. SelecTV of California, Inc.,* 627 F.Supp. 1290, 1301 n. 7 (D.C.Cal.1986); *Rush v. Oppenheimer & Co., Inc.,* 628 F.Supp. 1188, 1198 n. 5 (S.D.N.Y.1985), *rev'd on other grounds, Rush v. Oppenheimer & Co.,* 779 F.2d 885 (2d Cir.1985).

Defendants contend that plaintiffs' reliance on *Econo-Car* is misplaced because the court there did not address the issue raised here. I agree. Here the question is whether Hutton can be liable for a civil conspiracy with its employee so as to violate RICO § 1962(d). The court in *Econo-Car* did not discuss this question. Instead the court in *Econo-Car* refused to dismiss plaintiffs' RICO § 1962(c) and (d) claims notwithstanding the fact that plaintiffs failed to allege a special racketeering enterprise injury. *Econo-Car,* 589 F.Supp. at 1377. Moreover the underlying RICO policy questions presented here did not arise in *Econo-Car* because there the plaintiff alleged that it was the "enterprise" and that the defendant was the "person" that conducted plaintiff's affairs through a pattern of racketeering activity. *Econo-Car,* 589 F.Supp. at 1371–72. This court adheres to

the prior ruling in *Gaudette* that the language and policy of RICO require a separation between the person and the enterprise such that "Hutton cannot be both the 'person' and part of the enterprise or 'association in fact.'" *Gaudette,* 644 F.Supp. at 841. The importance of this required separation, as emphasized in *Schofield,* 793 F.2d at 30–31, is diminished if plaintiffs' RICO § 1962(d) claim is permitted to go forward.

Upon reconsideration of the law of civil conspiracy in the RICO context, and after reviewing the numerous memoranda filed in support of, and in opposition to, defendants' motion, I rule that this Court's prior Order, dated September 24, 1986, should be modified so as to dismiss Count VIII of plaintiffs' second amended complaint.

Order accordingly.

---

**3.** Plaintiffs argue that a footnote in the court's opinion in *Williams* leaves open the door for the recognition of an intracorporate conspiracy. The court in *Williams* noted that "[W]e do not suggest that an agent's action within the scope of his authority will always avoid a conspiracy finding." *Williams,* 504 F.Supp. 1319, 1329 n. 10. The example used by the court, however, to illustrate an instance where an intracorporate conspiracy could be found, involved acts of violence perpetrated by members of the Klu Klux Klan. The facts of this case are more similar to the actual facts of *Williams,* and not the court's hypothetical, so it is appropriate to apply here the traditional conspiracy doctrine requiring an agreement between two separate entities. *Cape Cod Food Products,* 119 F.Supp. at 908.