McEvoy, J.
This case arises over a dispute regarding the termination of a distributorship agreement and the alleged misappropriation of confidential business information. Patriot Plastics & Supply (“plaintiff' or “Patriot”) filed a complaint against the Polymer Corporation (“Polymer” or “corporation”) and Earl Wester (“Wester”), Mark McCord (“McCord”), and Terry Folk (“Folk”), employees of Polymer.[2] The complaint alleged the following: Count I: Misappropriation of Confidential Business Information; Count II: Breach of Contract; Count III: Breach of the Covenant of Good Faith and Fair Dealing; Count IV: Violation of c. 93A, §2 and §11; and Count V: Violation of c. 93, the Massachusetts Antitrust Act. Defendants filed a motion for partial summary judgment as to Counts II, III, IV and V. Also, in some instances, the motion was limited to particular defendants. Plaintiff filed an opposition to that motion. After hearing counsel for the parties and based on the parties’ submissions, defendants’ motion for partial summary judgment is ALLOWED in part and DENIED in part.
BACKGROUND
Plaintiff sells and distributes plastic materials in the Northeastern region of the United States. Polymer manufactures engineering plastics products which it sells through authorized distributors throughout the country. Earl Wester is the business manager of Polymer. Mark McCord is Polymer’s national sales manager. Terry Folk is Polymer’s regional sales manager for the Northeast.
In May 1985, plaintiff and Polymer entered into a written agreement which made plaintiff an authorized distributor of Polymer products. According to the terms of the agreement, either party could terminate the agreement for cause with thirty (30) days notice. Otherwise, either party could terminate with ninety (90) days notice.
Plaintiff alleges that it entered into oral agreements with defendants whereby they agreed to hold all confidential business information they received through their dealings with Patriot in the strictest confidence.
On September 10, 1992, Polymer gave plaintiff written notice of termination of the distributorship agreement as of December 14, 1992 or ninety days after receipt, whichever was latest. On September 7, 1993, plaintiff filed this action against defendants.
During oral argument, counsel for the parties entered into a stipulation that Polymer would not claim that the individual defendants were acting outside the scope of their employment during any time relevant to the allegations in the Complaint.
The following counts and specific defendants as to those counts are at issue in this motion for summary judgment: there is no motion for summary judgment as to Count I; Wester has moved for summary judgment on Count II; all defendants have moved for partial summary judgment on Count III; McCord and Folk have moved for summary judgment on Count IV; and all defendants have moved for summary judgment on Count V.
DISCUSSION
A. Summary Judgment Standard
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “Acomplete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)).
B. Breach of Contract
Plaintiff alleges breach of an oral contract between itself and defendants to keep plaintiffs business information confidential. Wester argues that there is no evidence to show that he had any such agreement with plaintiff. This Court agrees with Wester.
Wester directs the Court’s attention to the deposition of James Ferraro, Jr., president of Patriot (“Ferraro”), to prove the lack of evidence showing the existence of an oral contract between himself and plaintiff. Ferraro states in his deposition that he never talked specifically to Wester regarding the issue of confidentiality of business information.
It is well settled law that in order to have an enforceable agreement, both parties must manifest an assent to the essential terms. Epstein v. Zwetchkenbaum, 356 Mass. 22, 24 (1969); Geo. W. Wilcox, Inc. v. Shell Eastern Petroleum Products, 283 Mass. 383, 388-90 (1933); Simon v. Simon, 35 Mass.App.Ct. 705, 713 (1994); Novel Iron Works Inc. v. Wexler Construction Co., 26 Mass.App.Ct. 401, 408 (1988). Clearly, there was no manifestation of assent by Wester. Thus, there was no agreement regarding confidentiality between Wester and plaintiff. If there is *269 no agreement, then there can be no breach of that agreement. Therefore, Wester’s motion for partial summary judgment as to Count II is granted.
C.Breach of the Covenant of Good Faith and Fair Dealing
Wester has moved for summary judgment on this count claiming that he was neither a party to the distributorship agreement nor to the oral agreement, therefore he cannot be held liable for breach of the covenant of good faith and fair dealing. The other defendants have moved for partial summary judgment as to so much of Count III that relates to the distributorship agreement. Plaintiff argues that there are genuine issues of material fact with respect to this Count, thus summary judgment is not appropriate.
Massachusetts courts have held that the covenant of good faith and fair dealing is implied in every contract. Anthony’s Pier Four v. HBC Associates, 411 Mass. 451, 471 (1991); Fortune v. National Cash Register Co., 373 Mass. 96, 104 (1977). The meaning of this covenant is that “neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.” Anthony’s Pier Four, supra, at 471-72.
However, Massachusetts law is clear that an action on a contract must be brought against a party to that contract. See, e.g. Jurgens v. Abraham, 616 F.Supp. 1381, 1386-87 (D.Mass. 1985). McCord, Folk, and Wester were not parties to the distributorship agreement, thus they cannot be held liable for breach of the covenant of good faith and fair dealing to the extent that claim relates to the distributorship agreement.
Moreover, Wester was not a party to any alleged oral agreement, thus he cannot be held liable for a breach of the covenant of good faith and fair dealing to the extent that claim relates to the oral agreement. However, the other defendants are still potentially liable for breach of the covenant of good faith and fair dealing insofar as that count relates to the oral agreement.
Massachusetts courts have also held that the termination of a distributorship agreement or a franchise does not itself establish bad faith. Remco Distributors, Inc. v. Oreck Corp., 814 F.Supp. 171, 174 (D.Mass 1992); Zapatha v. Dairy Mart, Inc., 381 Mass. 284, 297-300 (1980). However, this Court finds that there are genuine issues of material fact with respect to plaintiffs allegations of bad faith and fair dealing by Polymer. Thus, this Court denies Polymer’s motion for summary judgment insofar as Count III relates to the distributorship agreement.
Thus, Wester is entitled to summary judgment on the entirety of Count III. McCord and Folk are entitled to summary judgment insofar as Count III relates to the distributorship agreement. Otherwise, defendants’ motion for summary judgment as to Count III is denied.
D.Violation of c. 93A
Defendants argue that McCord and Folk are not liable under c. 93A because as employees of Polymer, they do not come within the applicable language of §11. Specifically, as employees, they were not engaged in “trade or commerce” as required by the statute.
Massachusetts courts have held that corporate officers can be held liable under c. 93A for participating in unfair and deceptive acts. Nader v. Citron, 372 Mass. 96, 103 (1977). However, the courts have not extended that type of liability to employees who do not have the control of a corporate officer. Thus, since McCord and Folk are noncorporate officer employees and the parties have stipulated that none of the individual defendants were acting outside the scope of their employment, McCord and Folk cannot be held liable under c. 93A.
Therefore, this Court grants McCord and Folk’s motion for summary judgment as to Count IV. Polymer and Wester remain as defendants under this count.[3]
E.Violation of c. 93, the Massachusetts Antitrust Act
Plaintiff claims that defendants engaged in a civil conspiracy in restraint of trade and a civil conspiracy to lessen competition in violation of c. 93. Defendants argue that under Massachusetts law an employee cannot be liable for conspiracy with his or her employer if he or she was acting within the scope of employment. This Court agrees with defendants.
In Cape Cod Food Products, Inc. v. National Cranberry Assoc., 119 F.Supp. 900, 909 (1954), an antitrust action, the Court held that employees cannot be liable for conspiracy with their employer. That holding in Cape Cod has been upheld in later cases where conspiracy was an element of the cause of action. Gaudette v. Panos, 650 F.Supp. 912 (D.Mass. 1987), rev’d on other grounds, 852 F.2d 30 (1st Cir. 1988) (claim under RICO statute); Williams v. Northfield Mount Herman School 504 F.Supp. 1319 (D.Mass. 1981) (claim under 42 U.S.C. §1985).
Since the parties have stipulated that the individual defendants were not acting outside the scope of their employment and it is clear that an employee cannot conspire with his or her employer, McCord, Folk, and Wester are entitled to summary judgment on CountV. Moreover, the corporation cannot be held liable for conspiracy, since a conspiracy requires at least two parties. DesLauries v. Shea, 300 Mass. 30 (1938); Cape Cod, supra. Therefore, defendants’ motion for summary judgment is granted as to CountV.
ORDER
Based on the foregoing, this Court ORDERS the following with respect to defendants’ motion for partial summary judgment:
Count II: ALLOWED as to Wester; DENIED as to the remaining defendants;
*270 Count III: ALLOWED in its entirety as to Wester; ALLOWED as to the distributorship agreement with respect to McCord and Folk; DENIED as to corporation;
Count IV: ALLOWED as to McCord and Folk; DENIED as to Wester and corporation;
Count V: ALLOWED as to all defendants.

The word “defendants” in this decision will be used to refer to all the defendants collectively. Otherwise, each of the defendants will be referred to individually.

Counsel to the parties agreed that Westerwas a corporate officer with potential liability under c. 93A.