**Guy W. RUCKER, Appellant,**

v.

**La-CO, INC., et al., Appellees,**

and

**Union National Bank of Little Rock, Appellee and Cross-Appellant.**

**Nos. 73-1793, 73-1794, 73-1832 and 73-1891.**

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1974.

Decided April 22, 1974.

---

H. Clay Robinsin, Fort Smith, Ark., for Rucker.

Cyril ·E. Hollingsworth, Jr., Little Rock, Ark., for Lane.

Griffin Smith, Little Rock, Ark., for Union Nat. Bank.

Before GIBSON, BRIGHT and STEPHENSON, Circuit Judges.

GIBSON, Circuit Judge.

Plaintiff, under Arkansas law, sought a recission of a sale of corporate stock and monetary damages.[1] We affirm the District Court's judgment dismissing plaintiff's action and awarding of costs, including attorney's fees, to defendant Union National Bank of Little Rock (Union).

Plaintiff-appellant, Guy W. Rucker, is a certified public accountant and lawyer with experience as a comptroller or accountant at several companies. La-Co, Inc., a defendant in this case, employed Rucker as its Comptroller. On March 10, 1969, Rucker purchased 500 shares of DBS, Inc. (DBS) common stock from United Diversified, Inc. (United Diversified) and seeks by this action to rescind that purchase and to obtain monetary damages. On March 19, 1969, the DBS stock was issued to Rucker, but delivered to Union as pledged security for a $25,000 loan that Union had made to Rucker for the stock purchase.

On September 6, 1968, Harlan Lane, also a defendant, with Don Couch

---

1. The Honorable Daniel H. Thomas, United States Senior District Judge, Mobile, Alabama, sitting by designation in the Eastern District of Arkansas, entered the unpublished judgment dismissing this action. Plaintiff originally alleged violations "including counts of common law fraud, violation of SEC Rule 10b–5, and violation of the disclo- sure provisions of the Arkansas Securities law"; however, plaintiff voluntarily before trial dismissed with prejudice "all these claims except the one based on the allegation of a sale or issuance of a security which was neither registered nor exempt in violation of the provisions of the Arkansas Securities Act."

formed DBS as a one-bank holding company. Lane was at that time Chairman of the Board and Chief Executive Officer of Union and Couch was its president. Union was controlled by Lane through United Diversified, another defendant. An exemption to the registration of the DBS stock as a private offering under Arkansas securities law was granted by the Arkansas Securities Commissioner pursuant to Ark.Stat.Ann. § 67–1248(b)(9).[2] Immediately thereafter the stock was sold to 20 purchasers, including United Diversified. United Diversified subsequently sold its DBS stock in four transactions to five different individuals, including Rucker.

During December, 1968, NAPAR Chemical Corporation, Inc. (NAPAR) representatives met with Lane representing United Diversified and DBS to discuss a merger, which was initially agreed upon on December 11, 1968. In January, 1969, Rucker interviewed for the comptroller position of the new corporation and began work on February 2 or 3, 1969. Rucker spent most of March gathering financial data on NAPAR to effectuate the merger, which was finally and formally agreed upon on March 12, 1969.

The new merged corporation, La-Co, Inc., came into existence on June 12, 1969. In July, 1969, Rucker transferred his 500 shares of DBS for La-Co stock, which was also delivered to Union as substituted security for the same $25,000 loan described above. Sometime later in 1969, Union demanded payment from Rucker on the $25,000 loan; Rucker paid the loan in its entirety; and La-Co stock was released to Rucker. In December, 1968, and the first half of 1969, United Diversified sold 200 shares of DBS to Gladys Powell and 200 shares to Ladd and Clara Jameason, as joint owners. After Rucker's purchase, United Diversified sold Lane 7,100 shares.

■ The District Court first held that the DBS stock fell within the private offering exemption pursuant to Ark.Stat.Ann. § 67–1248(b)(9). We agree. The defendants have demonstrated that less than 25 persons were offered DBS stock, that DBS reasonably believed the purchasers were buying for investment, and that no commission was paid. Further, the Arkansas Securities Commissioner exempted DBS stock from registration.

■ The District Court also held that the sale of the 500 shares of DBS stock to Rucker and the three other sales of DBS by United Diversified were exempted as "isolated non-issuer transactions" under Arkansas law. Ark.Stat. Ann. § 67–1248(b)(1).[3] We agree with the District Court that "[t]he small number of transactions, the 'insider' status of two of the purchases [by Rucker and

2. Section 67–1248(b) reads in part:

(b) The following transactions are exempted from sections 7 and 15 [regarding registration of securities and filing of sales literature]:

\*    \*    \*    \*    \*

(9) any transaction pursuant to an offer directed by the offeror to not more than twenty-five (25) persons (other than those designated in paragraph (8)) in this State during any period of twelve (12) consecutive months, whether or not the offeror or any of the offerees is then present in this State, if (A) the seller reasonably believes that all the buyers in this State are purchasing for investment, and (B) no commission or other remuneration is paid or given directly or indirectly for soliciting any prospective buyer in this state; but the Commissioner may by rule or order, as to any security or transaction or any type of security or transaction, withdraw or further condition this exemption, or increase or decrease the number of offerees permitted, or waive the conditions in Clauses (A) and (B) with or without the substitution of a limitation on remuneration \* \* \*.

3. Section 67–1248(b) reads in part:

(b) The following transactions are exempted from Sections 7 and 15 [regarding registration of securities and filing of sales literature]:

(1) any isolated non-issuer transactions, whether effected through a broker-dealer or not; provided, that repeated or successive transactions shall be prima facie evidence that such transactions are not isolated non-issuer transactions \* \* \*.

Lane] and the infrequent nature of these sales clearly indicate that they are within the meaning of Section (b)(1)." *Cf.* Arkansas Real Estate Co. v. Fullerton, 232 Ark. 713, 339 S.W.2d 947 (1960). Rucker, a certified public accountant and lawyer, had several years of financial experience; he was well-acquainted with the financial operations of La-Co and actively assisted in completion of the merger. Since Rucker was an insider to La-Co's entire financial operations, United Diversified should not be considered to be an issuer of the DBS securities in an isolated transaction to the knowledgeable comptroller of La-Co. We have reviewed plaintiff's other arguments, including the purported liability of Union to Rucker for United Diversified's sale of DBS stock to Rucker, and find them meritless. Union was not a seller nor a participant in the sale, but only a lender on the securities purchased.

In the District Court, Union requested $2,463.70 costs and attorney's fees and was awarded $693.70 pursuant to 15 U.S.C. § 77k(e). On appeal Union again requests $2,463.70 and Lane also requests costs of defense, including reasonable attorney's fees, under 15 U.S.C. § 77k(e) for expenses incurred prior to the voluntary dismissal of the alleged federal securities violations. Rejecting the requests on appeal by Union and Lane, we affirm the District Court's award of $693.70 to Union for costs and reasonable attorney's fees incurred at the District Court before the dismissal of the federal securities allegations. The award of costs and attorney's fees is within the discretion of the District Court. The plaintiff here voluntarily dismissed the alleged violations under federal securities law against all defendants. We think that the claim against Union, as only a security holder, was frivolous and an award of costs to Union is within the District Court's discretion. Katz v. Amos Treat & Co., 411 F.2d 1046, 1056 (2d Cir. 1969). We deny Lane's request for costs and attorney's fees, for he has not specifically demon-strated to us how Rucker's claims under the federal securities law were frivolous as to him. Regarding the amount of costs and attorney's fees, we affirm the $693.70 award as within the District Court's discretion.

The District Court is affirmed.