Joseph ONESTI, Anna Onesti, and J. Onesti & Sons, Inc., an Illinois corporation, Plaintiffs,

v.

THOMSON McKINNON SECURITIES, INC., Richard M. Harris and Touche Ross & Co., Defendants.

No. 85 C 4375.

United States District Court, N.D. Illinois, E.D.

Oct. 7, 1985.

Edward A. Berman, Jerome J. Roberts, Kathleen C. White, Berman, Roberts & Kelly, Chicago, Ill., for plaintiffs.

James E. Beckley, Richard S. Schultz, James E. Beckley & Associates, Chicago, Ill., for defendants Thomson McKinnon and Richard M. Harris.

Francis J. Higgins, John W. Rotunno, Thomas L. Fink, Bell, Boyd & Lloyd, Chicago, Ill., for defendant Touche Ross.

## MEMORANDUM ORDER

BUA, District Judge.

Before the Court is defendants' motion to dismiss plaintiffs' complaint for compensatory damages. Plaintiffs allege numerous theories of recovery, including violations of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962(c); the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (the 1934 Act); the Securities Act of 1933 (the 1933 Act), 15 U.S.C. § 77q(a); and the Illinois Consumer Fraud and Deceptive Practices Act, 121½ Ill.Rev.Stat. § 262 (1985). Plaintiffs also allege common law fraud and breach of fiduciary duty.

This Court's jurisdiction is based on 28 U.S.C. § 1331, 18 U.S.C. § 1964, 15 U.S.C. § 77v, 15 U.S.C. § 78aa, and on principles of pendent jurisdiction. For the reasons stated herein, the Court denies defendants' motion to dismiss in part. The Court, however, grants defendant Touche Ross' motion to dismiss Count VI, grants TMS' motion to dismiss TMS from Count I, and grants defendants TMS and Harris' motion to dismiss Count IV.

### FACTS

The following facts are alleged in plaintiffs' complaint. For purposes of this order they are considered to be true.

Plaintiffs desired to invest in low-risk investments. On July 13, 1982, plaintiffs entered into an investment contract with defendant Thomson McKinnon Securities, Inc. ("TMS"), allowing TMS to invest plain-

tiffs' money pursuant to TMS' recommendations. TMS and co-defendant Harris, a TMS employee, recommended that plaintiffs invest substantial sums in stocks and a limited partnership. Plaintiffs acquiesced in defendants' investment recommendations and allowed defendants to purchase stock and to make other investments for plaintiffs' account beginning in July 1982.

During the course of managing plaintiffs' accounts, TMS and Harris charged excessive commission fees. In addition, they materially misrepresented stock investments as suitable to plaintiffs' investive goals and objectives when they were not. TMS and Harris also recommended investments without adequately investigating the tax consequences to plaintiffs. Along these lines, defendant Touche Ross wrongfully conveyed tax information that induced plaintiffs to accept TMS and Harris' investment recommendations. Plaintiffs apparently sustained losses and this litigation ensued.

Count I of the complaint alleges a § 1962(c) RICO violation. Counts II and III set forth securities fraud violations of § 10(b) of the 1934 Act and § 17(a) of the 1933 Act. Count IV alleges common law fraud, while Counts V and VI allege breach of fiduciary duty. Count VII pleads an action under the Illinois Consumer Fraud and Deceptive Business Practices Act.

### DISCUSSION

#### I. *Touche Ross' Motion to Dismiss for Lack of Subject Matter Jurisdiction*

■ Touche Ross is named only in the breach of fiduciary duty allegations in Count VI. Since Count VI lacks an independent basis for original federal jurisdiction, Touche Ross is joined as a pendent party defendant. Touche Ross therefore moves to dismiss plaintiffs' complaint for lack of subject matter jurisdiction.

A pendent party defendant is not a party to a jurisdictionally sufficient main claim, but is only a party to a related state law claim. The Supreme Court has never ex-

pressly acknowledged the legitimacy of pendent party jurisdiction. *Knudsen v. D.C.B., Inc.*, 592 F.Supp. 1232, 1235 (N.D. Ill.1984). In the Seventh Circuit, such jurisdiction has been generally met with disfavor. *Thomas v. Shelton*, 740 F.2d 478, 487 (7th Cir.1984). However, pendent party jurisdiction is not dead. A few opinions have approved pendent party jurisdiction, *see Moore v. The Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1353 (7th Cir.1985) (separate opinion by Posner, J.), suggesting that the exercise of such jurisdiction is within the trial court's sound discretion. *Musikiwamba v. ESSI, Inc.*, 760 F.2d 740, 754 (7th Cir.1985).

Courts allowing pendent party jurisdiction require the federal and state claims to arise from a common nucleus of operative facts such that a plaintiff would ordinarily be expected to try his claims in one judicial proceeding. *Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1353 (7th Cir.1985). Moreover, the valid pendent claim must be based on the same facts as the main claim for the two claims to be considered part of a single case. *Bernstein v. Lind-Waldock & Co.*, 738 F.2d 179, 187 (7th Cir.1984).

Plaintiffs' claims against TMS and Harris and claim against Touche Ross are related, but the claims do not arise from a common nucleus of operative fact and cannot be considered part of the same case. TMS and Harris had a contractual relationship with plaintiffs, whereas Touche Ross did not. In addition, TMS and Harris repeatedly misrepresented the liquidity and suitability of numerous investments to plaintiffs' known investment objectives. Touche Ross' misrepresentation was limited to tax advice regarding a single investment given without knowledge of plaintiffs' investment goals. Plaintiffs' pendent party claim against Touche Ross should not be joined with plaintiffs' other federal claims since pendent party jurisdiction is construed conservatively in recognition of the inroads it makes into the autonomy of state sovereignty. Accordingly, Touche Ross' motion to dismiss is granted.

## II. Motion to Dismiss Counts I Through V and Count VII for Failure to Plead Fraud with Particularity

Defendants Harris and TMS move to dismiss Counts I through V and Count VII of plaintiffs' complaint for failure to plead fraud with particularity as required by Rule 9(b). Fed.R.Civ.P. 9(b). Rule 9(b) provides that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Generally, a complaint is considered sufficient when it sets forth the time, place, particular contents of the false representation, the identity of the party making the misrepresentation, and the consequences of the misrepresentation. *Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir. 1982); *Baselski v. Paine, Webber, Jackson & Curtis*, 514 F.Supp. 535, 540 (N.D.Ill. 1981).

The specificity requirements of Rule 9(b) have been imposed to ensure that defendants have been apprised of the claimed fraud in a manner sufficient to permit adequate responsive pleadings. *Felton v. Walston*, 508 F.2d 577, 581 (2d Cir.1974). Nevertheless, Rule 9(b)'s more stringent requirements must be read in conjunction with Rule 8, which requires a short and plain statement of the claim. *Tomera v. Galt*, 511 F.2d 504, 508 (7th Cir.1975). The sufficiency of a pleading under these rules varies with the complexity of the transaction. When the transactions are numerous and take place over an extended period of time, less specificity is required. *Baselski v. Paine, Webber, Jackson & Curtis*, 514 F.Supp. 535, 540 (N.D.Ill.1981).

Defendants argue that the complaint is insufficient for a variety of reasons. First, they assert Counts I through III fail to allege the specific time and place where the representations were made. Second, they argue Counts II and III do not specify the content of the misrepresentation. Third, defendants maintain all counts fail to list the specific dollar amount of plaintiffs' investment. Finally, defendants allege Count V fails to include any facts establishing a fiduciary relationship.

Counts I through V and Count VII sufficiently comport with the requirements of Rule 9(b). Plaintiffs cannot be expected to specify the exact time and particular place of each factual omission and misrepresentation. The complaint adequately specifies the transactions and the approximate time frame, the contents of the alleged misrepresentations and the essence of omitted information, and the identities of those involved. In addition, there is little purpose in requiring plaintiffs to expand the complaint by including the specific dollar amount of plaintiffs' investments. Finally, a close review of paragraphs 5 through 23 of the complaint reveals that a fiduciary relationship is alleged since defendant Harris was plaintiffs' stock broker and TMS contracted with plaintiffs as their investment brokerage house.

The complaint sets forth the time, place, and contents of the alleged false representations, as well as the names of the individuals who made them, and the damage caused by the misrepresentations and omissions. The averments describe the essential aspects of defendants' allegedly fraudulent activity. For these reasons, defendants' motion to dismiss Counts I through V and Count VII for failure to plead with particularity is denied.

## III. Motion to Dismiss Counts I Through VII for Failure to State a Claim

The guidelines used in considering a motion to dismiss a complaint for failure to stae a claim are well defined. On a motion to dismiss, a complaint must be construed in the light most favorable to the plaintiff, the allegations thereof being taken as true. *Mathers Fund, Inc. v. Colwell*, 564 F.2d 780, 783 (7th Cir.1977). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to the requested relief. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

### a. *RICO*

TMS and Harris argue that plaintiffs' § 1962 RICO claims in Count I should be dismissed for several reasons. First, TMS asserts that the § 1962(c) claim against it should be dismissed because the complaint alleges TMS is both the "enterprise" and the "person" conducting the racketeering activity. Second, Harris maintains that the § 1962(c) claim against him must be dismissed since the complaint fails to specifically identify Harris. Last, TMS and Harris assert that the § 1962(d) claim against them must be dismissed if the § 1962(c) claims are dismissed.

■ To properly allege a § 1962(c) violation, a plaintiff must allege that the defendant was employed by an enterprise engaged in interstate commerce, and that the defendant conducted the enterprise's affairs through a pattern of racketeering activity. *Haroco v. American National Bank and Trust Company of Chicago,* 747 F.2d 384, 387 (7th Cir.1984). The "enterprise" and the "person" conducting the racketeering activity must be distinct entities. *Id.* at 402. Because plaintiffs allege TMS is both the enterprise and the person conducting the racketeering activity, these allegations are defective. Accordingly, plaintiffs' § 1962(c) against TMS must be dismissed.

■ Harris argues that the § 1962(c) claim against him should be dismissed because the complaint fails to specifically identify Harris. The Court rejects Harris' argument. Construing the complaint in the light most favorable to the plaintiff, the Court easily finds that plaintiffs' reference to "defendants" in Count I sufficiently identifies Harris.

■ Finally, defendants maintain plaintiffs' § 1962(d) RICO claim must be dismissed if the § 1962(c) claims are dismissed. The Court rejects this argument for two reasons. First, the § 1962(c) claim against Harris has not been dismissed. Second, the conspiracy to commit a RICO violation is a distinct violation from the performance of the actual racketeering activity. A conspiracy claim stands on its own merit and does not fail because another claim is dismissed.

Accordingly, only TMS' motion to dismiss it from the § 1962(c) claim is granted.

### b. *§ 17(a) of the Securities Act*

■ Defendants argue that Count III should be dismissed because a private right of action does not exist under § 17(a) of the 1933 Act. Whether § 17(a) can be enforced by private damage suits is an open question in this circuit. *Teamsters Local 282 Pension Trust Fund v. Angelos,* 762 F.2d 522, 530 (7th Cir.1985). The Second and Ninth Circuits, however, have found such a right of action does exist. *See Stephenson v. Calpine Conifers II, Ltd.,* 652 F.2d 808 (9th Cir.1981); *Kirshner v. United States,* 603 F.2d 234 (2nd Cir.1978).

This Court finds the Second and Ninth Circuits' opinions persuasive in light of the minimal differences between § 17(a) of the 1933 Act and § 10(b) of the 1934 Act and the undisputed existence of a private right of action under § 10(b). Moreover, the Seventh Circuit's dicta in *Teamsters Local 282 Pension Trust Fund v. Angelos,* 762 F.2d 522, 531 (7th Cir.1985), and *Peoria Union Stock Yards Co. v. Penn Mutual Life Insurance Company,* 698 F.2d 320, 323–24 (7th Cir.1983), lead this Court to believe that the Seventh Circuit would follow this Court if it addressed this issue. For these reasons, defendants' motion to dismiss Count III is denied.

### c. *Failure to Allege Scienter*

Defendants argue that Counts II through IV must be dismissed because plaintiffs fail to allege "scienter" in each of the counts. Count II alleges a violation of § 10(b) of the Securities Exchange Act; Count III alleges a violation of § 17(a)(2) of the Securities Act, and Count IV alleges common law fraud. Whether a scienter allegation is required differs with each count.

■ In Count II, plaintiffs' § 10(b) claim is required to allege scienter: an intent to deceive, manipulate, or defraud plaintiffs. The Court finds that scienter is alleged.

Defendants' argument need not be addressed since they admit that the complaint alleges scienter (memo in support MTD brief at 10).

■ In Count III, however, plaintiffs' § 17(a)(2) claim is not required to allege scienter. *Aaron v. Securities Exchange Commission,* 446 U.S. 680, 100 S.Ct. 1945, 64 L.Ed.2d 611 (1979). In *Aaron,* the Supreme Court distinguished between § 17(a)(1) and § 17(a)(2). The Court held that § 17(a)(2) does not have a scienter requirement whereas § 17(a)(1) does. *Id.* at 697, 100 S.Ct. at 1956. In this Court, plaintiffs allege a § 17(a)(2) violation and therefore were not required to allege scienter.

■ In Count IV, plaintiffs' fraud claim is required to allege that defendants knew or believed the representations to be false. *Soules v. General Motors Corporation,* 79 Ill.2d 282, 284, 37 Ill.Dec. 597, 599, 402 N.E.2d 599, 601 (1980). Plaintiffs' conclusory statement that "the aforesaid conduct of each of the defendants constitutes common law fraud" inadequately alleges defendants knew or believed the representations to be false.

Accordingly, defendants' motion to dismiss Count II for failure to allege scienter is granted. Defendants' motion to dismiss Counts III and IV are denied.

### d. *Common Law Fraud*

■ TMS and Harris argue that the fraud claims in Count V must be dismissed since they are predicated on defendants' failure to accurately predict future events. Defendants' argument might have been persuasive if plaintiffs based their claims merely on inaccurate predictions. Plaintiffs' complaint, however, actually alleges defendants fraudulently represented the liquidity of certain tax shelter investments and recommended purchasing investments without investigating the tax consequences of those purchases upon plaintiffs. Plaintiffs' claim states a cause of action because they allege fraud claims based upon misrepresentation of current investment opportunities.

### e. *Illinois Consumer Fraud and Deceptive Practices Act*

■ Count VII is said to be defective because the Illinois Consumer Fraud and Deceptive Practices Act (ICFDPA), Ill.Rev. Stat. ch. 121½, § 262, *et seq.* (1985), does not apply to securities fraud claims because securities are not considered merchandise under the ICFDPA.

The Illinois Supreme Court has held that an action under the ICFDPA may only be brought by consumers who have purchased merchandise. Section 1(b) of the ICFDPA defines merchandise as including "any objects, wares, goods, commodities, intangibles. . . ." Defendants' assertion that securities are not merchandise is unpersuasive in light of the Illinois Appellate Court's decision in *People ex rel. Scott v. Cardet International, Inc.,* 24 Ill.App.3d 740, 321 N.E.2d 386 (1974), defining securities as "intangible" goods. In *Scott,* the court defined "intangibles" as "property which has no intrinsic value but which is representative or evidence of value, such as certificates of stocks, bonds, promissory notes, and franchises." *Id.* at 744, 321 N.E.2d at 390. Applying the facts before this Court, plaintiffs' purchase of stocks is merchandise under the ICFDPA and therefore ICFDPA applies. Consequently, defendants' motion to dismiss is denied.

### CONCLUSION

Defendants' motions to dismiss various counts of plaintiffs' seven-count complaint is denied in part and granted in part. First, Touche Ross' motion to dismiss Count VI for lack of subject matter jurisdiction over plaintiffs' pendent party claim is granted. Second, TMS' motion to dismiss plaintiffs' § 1962(c) RICO claim in Count I is granted because the complaint alleged TMS was both the "enterprise" and the "person" conducting the racketeering activity. Third, TMS and Harris' motion to dismiss Count IV is granted because the complaint failed to allege defendants Harris and TMS defrauded plaintiffs with knowledge or belief that their representa-

tions were false. The dismissal of Counts I and IV are without prejudice.

IT IS SO ORDERED.