**ELLIOTT GRAPHICS, INC., William J. Elliott and Sharon L. Elliott, Plaintiffs,**

v.

**William C. STEIN, Stein Larmon & Co., a partnership, Stein Whitlock & Co., a partnership, Patrick Larmon, James J. Whitlock, Charles A. Brady, Dean W. Stoner, Barbara Stein, John E. Palm, and K–35, a limited partnership, Defendants.**

No. 86 C 9020.

United States District Court, N.D. Illinois, E.D.

May 18, 1987.

Gregory A. Friedman, Paul F. Donahue, Steven M. Slavin, Coffield, Ungaretti, Harris & Slavin, Chicago, Ill., for plaintiffs.

Melville B. Bowen, Jr., Fitzsimmons and Bowen, Oak Brook, Ill., for defendants William C. Stein, Stein Larmon & Co., Stein Whitlock & Co., James J. Whitlock, Barbara Stein, and K–35.

Camilo F. Volini, John O. Tuohy, Chicago, Ill., for defendant Charles A. Brady.

William D. Heinz, Robert W. Kent, Jr., Jenner & Block, Chicago, Ill., for defendant Dean W. Stoner.

## MEMORANDUM ORDER

BUA, District Judge.

This order concerns the motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendants William C. Stein, Stein Larmon & Co., Stein Whitlock & Co., Barbara Stein, Charles A. Brady, Dean W. Stoner, and K–35, a limited partnership (collectively "defendants"). For the reasons stated herein, defendants' motions to dismiss are denied.

## I. FACTS

Plaintiffs William Elliott, Sharon Elliott, and Elliott Graphics, Inc., a closely held corporation whose sole shareholder is William Elliott and whose principal officers are the Elliotts, filed a multiple-count action complaining of defendants' alleged misconduct in connection with plaintiffs' purchase of certain debentures and limited partnership interests ("the securities"). Plaintiffs' complaint alleges that defendant William C. Stein, plaintiffs' accountant and the controlling shareholder of West Alloy, Inc., made material misrepresentations and omissions in connection with the sale to the Elliotts of $580,070 in debentures of West Alloy and $200,000 in limited partnership interests in K–35, a limited partnership formed by Stein, defendant Charles Brady, and others. The complaint further alleges that defendant Stein Larmon & Company and its successor, defendant Stein Whitlock & Company, made material misrepresentations and failed to disclose material facts to plaintiffs regarding the financial conditions of West Alloy and K–35. These companies, accounting firms of which Stein was a partner, provided financial services to plaintiffs. Plaintiffs claim that defendant Patrick Larmon, a partner of Stein Larmon & Co., and defendant James J. Whitlock, a partner of Stein Whitlock & Co., are liable

for Stein's fraudulent conduct in these transactions. Plaintiffs also claim that defendants Charles A. Brady, Dean W. Stoner, Barbara Stein, and John E. Palm, each of whom were officers, directors, or controlling persons of West Alloy during the time in which plaintiffs' purchases of the securities occurred, are liable for aiding and abetting the fraudulent conduct of Stein and Stein's accounting firms by knowing of such fraud and failing to disclose it to plaintiffs.

The complaint alleges that the conduct of the defendants in connection with plaintiffs' purchases of the West Alloy debentures and the K–35 limited partnership interests constitutes violations of § 17(a), the Securities Act of 1933, and § 10(b) of the Securities Exchange Act of 1934, breach of fiduciary duty, common law fraud, professional negligence and malpractice, and negligent misrepresentation. Plaintiffs therefore seek damages as well as rescission of the transactions.

## II. DISCUSSION

■ Defendants' motions to dismiss challenge plaintiffs' complaint on several grounds. Defendants first argue that the complaint fails to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) provides that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The specificity requirements of 9(b) are imposed to ensure that defendants are apprised of the claimed fraud in a manner sufficient to permit adequate responsive pleadings. *Felton v. Walston,* 508 F.2d 577, 581 (2d Cir.1974); *Onesti v. Thompson McKinnon Securities, Inc.,* 619 F.Supp. 1262, 1264 (N.D.Ill.1985). Generally, a complaint is sufficient when it sets forth the time, place, particular content of the false representations, identity of the party making the misrepresentation, and consequences of the misrepresentation. *Bennett v. Berg,* 685 F.2d 1053, 1062 (8th Cir.1982); *Segal v. Gordon,* 467 F.2d 602, 606 (2d Cir.1972). However, plaintiffs are not expected to specify the exact time and particular place of each factual omission or

misrepresentation. *Onesti, supra,* 619 F.Supp. at 1265. In addition, Rule 9(b) must be read in conjunction with Rule 8, which requires a short and plain statement of the claim. *Rudolph v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 100 F.R.D. 807, 809 (N.D.Ill.1984) *citing Tomera v. Galt,* 511 F.2d 504, 508 (7th Cir.1975).

■ In the instant case, plaintiffs' plain statement of their claim outlines the fraud with adequate particularity. The complaint sets forth the nature of the fraud in relative detail. The allegations assert that the securities were not registered under the provisions of Section 5 of the Securities Act and were not exempt from such registration. No prospectus, financial statement, or any information typically included in a registration statement was ever delivered or made available to plaintiffs in connection with plaintiffs' purchases of the securities. The complaint also asserts that each defendant knew or should have known that the sales of these securities were being made in violation of the securities laws and that each defendant knew or should have known of the precarious financial positions of West Alloy and K–35, yet failed to disclose this material information to plaintiffs in violation of their respective duties to do so. Further, the complaint indicates the respective purchase dates of the allegedly fraudulent transactions, each defendant's role in participating in the fraud, and the resulting adverse consequences of the fraud to plaintiffs. These allegations adequately set out the alleged fraud by defendants and are certainly sufficient to permit adequate responsive pleadings. Therefore, this court finds plaintiffs' complaint sufficient to meet the requirements of Rule 9(b).

■ Next, defendants argue that Counts I and III, in which plaintiff alleges violations of § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), should be dismissed because there is no private right of action under § 17(a). However, this court sees no compelling reasoning or precedent which justifies overruling its recent decisions expressly upholding a private right of

action under § 17(a). *See Levine v. Futransky,* 636 F.Supp. 899, 901 (N.D.Ill. 1986); *Onesti v. Thompson McKinnon Securities, Inc.,* 619 F.Supp. 1262, 1266 (N.D. Ill.1985). As noted in both *Levine* and *Onesti,* there are only minimal differences between § 17(a) of the 1933 Act and § 10(b) of the 1934 Act, under which it is undisputed that a private right of action exists. This fact, as well as the Seventh Circuit's dicta in *Teamsters Local 787 Pension Trust Fund v. Angelos,* 762 F.2d 522, 530–31 (7th Cir.1985), and *Peoria Union Stock Yards Co. v. Penn Mutual Life Insurance Company,* 698 F.2d 320, 323–24 (7th Cir. 1983), leads this court to believe that the Seventh Circuit, when presented with this issue, will hold that a private right of action exists under § 17(a). Therefore, defendants' argument is rejected.

Defendant's third argument is that Counts I through IV of the complaint, which contain allegations of violations of § 17(a) of the Securities Act of 1933 and § 10(b) of the Securities Exchange Act of 1934, are barred by the applicable statute of limitations. Although these statutes do not expressly provide any statute of limitations, it is well settled that the appropriate statute of limitations is three years from the date of the sale. *Suslick v. Rothschild Securities Corp.,* 741 F.2d 1000, 1004 (7th Cir.1984); *Parrent v. Midwest Rug Mills, Inc.,* 455 F.2d 123 (7th Cir.1972).

■ In the case at bar, the complaint clearly alleges that the sales to plaintiffs of all of the K–35 limited partnership interests and some of the West Alloy debentures were made within three years of the filing of their action on November 19, 1986. The complaint states that all of the limited partnership interests were purchased by plaintiffs in January and February of 1984. Such purchases are easily within the statute of limitations period. As to the debentures, some were sold to plaintiffs on March 1, 1984 and January 23, 1985. There is no statute of limitations issue as to these debentures.

The remainder of the debentures, according to the complaint, were initially issued to plaintiffs on various dates between November 1, 1980, and October 10, 1983. These debentures were then reissued on January 1, 1985. In determining whether such allegations are sufficient for the purposes of a motion to dismiss to bring the fraudulent sale of these debentures within the three-year statute of limitations period, this court is required to view the allegations in the light most favorable to plaintiffs. Plaintiffs' claim cannot be dismissed unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Using this standard, this court cannot hold as a matter of law that the debentures which were reissued on January 1, 1985, were not fraudulently sold on that date. Reading the complaint to assert that the sales of these debentures occurred on January 1, 1985, this court finds that the alleged fraudulent sales of these securities are within the three-year statute of limitations.

■ Defendants' final argument in support of their motion to dismiss is that plaintiffs failed to join an indispensable party. However, securities laws do not impose any express requirement to join an issuer where plaintiff seeks to impute liability for that entity's conduct to its controlling persons. *Briggs v. Sterner,* 529 F.Supp. 1155, 1170–1171 (S.D.Iowa 1981). *See also SEC v. Savoy Industries, Inc.,* 587 F.2d 1149, 1170 n. 47 (1978), *cert. denied., sub nom. Zimmerman v. SEC,* 440 U.S. 913, 99 S.Ct. 1227, 59 L.Ed.2d 462 (1979) (plaintiff need not proceed against the principal perpetrator). Controlling persons of an issuer are amenable to suit where the issuer is not joined as well as where the issuer is not liable. *See First National Bank of Las Vegas v. Estate of Russell,* 657 F.2d 668 (5th Cir.1981); *Kemmerer v. Weaver,* 445 F.2d 76 (7th Cir.1971). Moreover, defendants fail to show any specific prejudice which will result in this action from the absence of West Alloy, Inc., which is currently in bankruptcy proceedings. Nor do defendants invoke any other justification for this court to exercise its equitable discretion in holding West Alloy an indispens-

able party. Therefore, defendants' argument is rejected.

### III. CONCLUSION

For the reasons stated herein, defendants' motions to dismiss are denied.

IT IS SO ORDERED.