Terry **SHARP**, Ann Lutz, James Lutz, and Elvin Copple, Plaintiffs,

v.

**I.S., INC.,** John Prior, Ferrell Prior, Prior Oil Well Drilling Company, and Jim Riley, Defendants.

Civ. No. 85–4379.

United States District Court, S.D. Illinois, Benton Division.

April 6, 1988.

R. Edward Veltman, Jr., Crain, Cooksey, Veltman & Pursell, Centralia, Ill., for plaintiffs.

George Lackey, Patricia L. Simpson, Janie F. Smith, James B. Wham, Wham & Wham, Centralia, Ill., for defendants.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

This matter is before the Court on a number of motions filed on behalf of defendants John Prior; I.S., Inc.; Ferrell Prior; and Prior Oil Well Drilling Company. The Court has reviewed these motions and the following represents its rulings.

### 1. Motions to Dismiss.

John Prior and I.S., Inc. have filed a Motion to Dismiss Count I of the Amended Complaint, which seeks private relief under § 17(a) of the 1933 Securities Act as amended, 15 U.S.C. § 77q. Defendants allege that Count I should be dismissed because § 17(a) does not afford a private cause of action. Alternatively, defendants request that should this Court decline to decide whether § 17(a) affords a private cause of action, this Court should enter an order that the claims set forth in Count I of the Amended Complaint should be ignored as duplicative, and that the federal claims asserted by plaintiff should be tried only under Count II, which seeks relief under § 10(b) of the Securities Act of 1934, 15 U.S.C. § 78j, and Rule 10b–5. Defendants Ferrell Prior and Prior Oil Well Drilling Co. have filed a Motion to Dismiss that is identical in all respects to that filed by John Prior and I.S., Inc. Therefore, the Court's reasoning and ruling shall apply to both motions.

Whether § 17(a) of the 1933 Securities Act affords a private cause of action is an open question in this circuit. *Ray v. Karris*, 780 F.2d 636 (7th Cir.1985); *Teamsters Local 282 Pension Trust Fund v. Angelos*, 762 F.2d 522, 530 (7th Cir.1985). Nevertheless, Judge Nicholas J. Bua has held that § 17(a) does provide for a private right of action. *Elliot Graphics, Inc. v. Stein*, 660 F.Supp. 378, 381 (N.D.Ill.1987); *Levine v.*

*Futransky,* 636 F.Supp. 899, 901 (N.D.Ill. 1986); *Onesti v. Thompson McKinnon Securities, Inc.,* 619 F.Supp. 1262, 1266 (N.D. Ill.1985). The Second and Ninth Circuits have also found that a private damage remedy exists under § 17(a). *Stephenson v. Calpine Conifers II, Ltd.,* 652 F.2d 808 (9th Cir.1981); *Kirshner v. United States,* 603 F.2d 234 (2d Cir.1978).

The Seventh Circuit, however, has noted that "the [Supreme] Court has altered the standards for implying private rights of action and pointedly declined to address the § 17(a) issue. *Herman & MacLean* [*v. Huddleston* ], *supra,* 459 U.S. [375] at 378 n. 2, 103 S.Ct. [683] at 685 n. 2 [74 L.Ed.2d 548 (1983) ]." *Angelos,* 762 F.2d 522, 531. The court has also stated Rule 10b–5 tracks § 17(a) closely and has no different elements; thus, it "adds nothing to plaintiff's arsenal." *Angelos,* 762 F.2d at 531; *see also Peoria Union Stock Yards Co. v. Penn Mutual Life Ins.,* 698 F.2d 320, 323–24 (7th Cir.1983). In both *Angelos* and *Penn Mutual,* the Seventh Circuit has stated that a suit alleging both § 17(a) and Rule 10b–5 claims should proceed as if only a Rule 10b–5 claim had been raised. *Angelos,* 762 F.2d at 531. This Court sees no compelling reason to depart from the practice recommended by this circuit or to resolve an issue that the Seventh Circuit has identified as "not a terribly important question." *Penn Mutual,* 698 F.2d at 323.

Accordingly, Count I of the Amended Complaint shall be ignored as duplicative of Count II. All federal claims asserted by plaintiff shall be tried only under Count II, which seeks relief under § 10(b) and Rule 10b–5. Defendants' Motions to Dismiss (Document Nos. 79, 80) are therefore DENIED in part and GRANTED in part.

### 2. Motion to Strike Attorney's Fees Provision.

■ Paragraph B in Counts I and II of plaintiffs' Amended Complaint seeks recovery of attorney's fees. Defendants contend that this part of plaintiffs' prayer for relief should be stricken for the reason that neither § 17(a) of the Securities Act of 1933, as amended, nor § 10(b) of the Securities Act of 1934 allow for the recovery of attorney's fees.

Plaintiffs' response notes that § 11 of the 1933 Act, 15 U.S.C. § 77k, provides for attorney's fees. This Court is confronted with one of those rare instances when both disputants are correct. It is well-settled that attorney's fees are not recoverable under § 10(b) or Rule 10b–5 actions. *Bailey v. Meister Brau, Inc.,* 535 F.2d 982, 994 (7th Cir.1976); *Van Alen v. Dominick & Dominick, Inc.,* 560 F.2d 547 (2d Cir.1977). Section 11 of the Securities Act of 1933, however, gives a court discretion to award attorney's fees to a prevailing plaintiff when the defense advanced is frivolous, without merit, or brought in bad faith. *See Johnson v. Yerger,* 612 F.2d 953, 959 (5th Cir.1980); *Aid Auto Stores, Inc. v. Cannon,* 525 F.2d 468 (2d Cir.1975); *Rucker v. La–Co., Inc.,* 496 F.2d 850 (8th Cir.1974). Should plaintiff prove the requisite factors, this Court may find that an award of attorney's fees is appropriate.

Accordingly, defendants' Motions to Strike the Attorney's Fees Provision (Document Nos. 79, 80) are hereby DENIED.

### 3. Motion to Strike Paragraph 13 of Counts I and II and Paragraph 12 of Count IV.

■ Defendants move that this Court strike Paragraph 13 of Counts I and II and Paragraph 12 of Count IV. The paragraphs defendants seek to have stricken allege misrepresentations on the part of the various defendants for a period of two years *following* the sale of the securities to plaintiffs. Plaintiffs have failed to respond to defendants' motion.

Defendants contend that any allegations with respect to alleged misrepresentations made after the sale of the securities to plaintiffs are irrelevant and immaterial to plaintiffs' cause of action. The Court agrees.

The Amended Complaint indicates, however, that plaintiffs purchased their working interests "[o]n or about September, October and November, 1982." The greater portion of the allegedly immaterial para-

graphs refer to misrepresentations occurring within this time frame.

Accordingly, defendants' Motion to Strike (Document Nos. 79, 80) is GRANTED in part and DENIED in part. Specifically, the Clerk is directed to strike the phrase "and continued for a two-year period" from the first paragraphs of Paragraph 13 of Counts I and II and from the first paragraph of Paragraph 12 of Count IV.

### 4. Summary Judgment Motions.

Defendants John Prior and I.S., Inc. have filed a Summary Judgment Motion as to Ann Lutz and James Lutz with respect to all counts; as to Terry Sharp and Elvin Copple with respect to Count III; and as to Elvin Copple with respect to Counts III and IV. Defendants Ferrell Prior and Prior Oil Well Drilling Co. have filed a Summary Judgment Motion identical in all respects to that filed by John Prior and I.S., Inc. Therefore, the Court's reasoning and ruling will apply equally to both motions.

Summary judgment is appropriate only where the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56. The party moving for summary judgment has the burden of establishing the lack of a genuine issue of material fact. *Korf v. Ball State University*, 726 F.2d 1222, 1226 (7th Cir.1984). The Court must view the evidence, and the reasonable inferences to be drawn therefrom, in the light most favorable to the party opposing summary judgment. Where the moving party fails to meet its strict burden of proof, summary judgment cannot be entered even if the opposing party fails to respond to the motion. *Yorger v. Pittsburgh Corning Corp.*, 733 F.2d 1215 (7th Cir.1984).

Where the moving party has met its initial burden and the opposing party asserts the existence of a question of fact, the Seventh Circuit has identified two considerations to be used in determining whether summary judgment is proper. To create a question of fact, an adverse party responding to a properly made and supported summary judgment motion must set forth specific facts showing that there is a genuine issue for trial. A party may not rest on mere allegations or denials of his pleadings; similarly, a bare contention that an issue of fact exists is insufficient to raise a factual issue. *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.), *cert. denied*, 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983). The Court must determine whether the non-moving party has established that there is a genuine issue as to that fact. Furthermore, the disputed fact must be material, that is, it must be outcome-determinative under the applicable law. *Egger v. Phillips*, 710 F.2d 292, 296 (7th Cir.) (en banc), *cert. denied*, 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983).

### A. *As to Ann Lutz and James Lutz with Respect to All Counts.*

Plaintiffs Ann Lutz and James Lutz seek recovery from defendants under all five counts of the Amended Complaint. Counts I, II and IV claim misrepresentations and omissions of material fact upon which plaintiffs claim to have relied in purchasing undivided working interests in certain oil and gas wells. The aforementioned counts allege defendants violated § 17(a) of the 1933 Securities Act, 15 U.S.C. 77q, § 10(b) of the Securities Act of 1934, 15 U.S.C. § 78j(b), and provisions of the Illinois Securities Act of 1953, Ill.Rev.Stat. ch. 121½, ¶ 137.1 *et seq.*

In Counts III and V, plaintiffs seek rescissionary damages, alleging that the purchased interests in oil and gas wells were not registered in accordance with the Illinois Securities Act of 1953, as amended.

■ The basis of defendants' motion is the deposition testimony of Ann Lutz, James Lutz, and Terry Sharp. The portions of the depositions cited by defendants indicate that Ann Lutz advanced funds on behalf of James Lutz to Terry Sharp, who proceeded to purchase the securities. Terry Sharp retained the interests for more than a year and then, at the direction of James Lutz, made partial assignments of interests to James Lutz and Ann Lutz as joint tenants.

■ Plaintiffs' memorandum in opposition notes that Ann Lutz testified that Terry Sharp was acting as her agent when he purchased the securities. (Lutz deposition 9–30–87, p. 74). Furthermore, she stated that defendant John Prior accepted her checks (Exhibit 10–b), gave her receipts (Exhibit 11–C and 11–D), and recorded them on bank deposits. Plaintiff also notes that the term "purchaser" under the 1953 Illinois Securities Act includes the personal representative of the purchaser. Ill.Rev. Stat. ch. 121½, ¶ 137.13(E) (1985). Illinois courts have defined "sale" under the 1953 Act very broadly "to exclude nothing that could possibly be regarded as a sale. Under this broad and unambiguous definition every step toward the completion of a sale would be a sale." *Silverman v. Chicago Ramada Inn, Inc.,* 63 Ill.App.2d 96, 101, 211 N.E.2d 596 (1st Dist.1965); *see also Illinois National Bank & Trust v. Gulf States Energy Corp.,* 102 Ill.App.3d 1113, 57 Ill.Dec. 938, 429 N.E.2d 1301 (2d Dist. 1981). Plaintiff also correctly observes that privity of contract is not required in 17(a) and 10b–5 actions. *Schaefer v. First National Bank of Lincolnwood,* 326 F.Supp. 1186, 1193–94 (N.D.Ill.1970); *Drake v. Thor Power Tool Co.,* 282 F.Supp. 94, 104 (N.D.Ill.1967).

It is apparent to the Court that whether plaintiff Sharp acted as representative and agent for Ann and James Lutz is a matter that must await trial for its resolution.

Accordingly, defendants' Motion for Summary Judgment as to Ann Lutz and James Lutz with respect to all counts is hereby DENIED.

### B. *Summary Judgment as to Terry Sharp and Elvin Copple with respect to Count III.*

■ Plaintiffs Terry Sharp and Elvin Copple seek relief in Count III of the Amended Complaint on the grounds that the securities they bought from defendants were not registered as required by the Illinois Securities Law of 1953, as amended. Plaintiffs allege that the securities were not exempt from registration and were not accompanied or preceded by a prospectus. Defendants' motions assert that the sale of these interests in the oil and gas wells are transactions exempt from registration under the Illinois Securities Law of 1953 ("1953 Act") and that the defendants fully complied with the reporting requirements of the 1953 Act. Therefore, the crucial issue that this Court must decide is whether or not the 1953 Act required defendants to register the securities sold to plaintiffs Sharp and Copple.

The registration provision of the 1953 Act, Section 5, requires that

All securities except those exempt under Section 3 hereof, or those sold in transactions under Section 4 hereof ... shall be registered prior to sale in this state.

Ill.Rev.Stat. ch. 121½, ¶ 137.5 (1985).

Moreover, Section 12 of the 1953 Act imposes a prospectus requirement on the sale of any security that must be registered under Section 5:

It shall be a violation of this Act for any person:

\* \* \* \* \* \*

B. To deliver to a purchaser any security required to be registered under Section 5 hereof unless accompanied or preceded by a prospectus that meets the requirements of the pertinent subsection of Section 5.

Ill.Rev.Stat. ch. 121½, ¶ 137.12 (1985).

If the securities sold to plaintiffs did not have to be registered, then a prospectus would not be required under Section 12. Defendants contend in their motion that the securities at issue were exempted from Section 5's registration requirement because the sale was a transaction under Section 4(H) of the 1953 Act. Section 4(H) provides in pertinent part:

The provisions of Section 5, 6 and 7 of this Act shall not apply to any of the following transactions, except where otherwise specified in this Section 4:

H. The sale or sales of fractional undivided interests in an oil, gas or other mineral lease, right or royalty for the direct or indirect benefit of the issuer thereof, or of a controlling person, whether through a dealer (acting either as principal or agent) or otherwise, with-

in the 12 months preceding the point in time immediately after the last such sale or sales made in reliance on this subsection H: (a) to not more than 35 persons in this state ...; provided further that (1) no commission, discount or other remuneration exceeding 15% of the initial offering price of the securities is paid or given directly or indirectly for or on account of a sale; (2) the security shall not be offered or sold by any means of general advertising or general solicitation; and (3) the issuer, controlling person or dealer shall file with the Secretary of State a report of sale not later than 30 days after the sale, setting forth the name and address of the issuer and of the controlling person, if the sale is for the direct or indirect benefit of such person, the total amount of the securities sold under this subsection H, the price at which the securities were sold, the commissions or discounts paid or given, the names and addresses of the purchasers, and a representation that offers to sell such securities were not made to persons in excess of the number permitted by this subsection. The fee for filing such report of sale shall be $10.00.

Ill.Rev.Stat. ch. 121½, ¶ 137.4(H) (1985).

In support of their motion, defendants have attached an affidavit executed by Ms. Debbie Redfeairn, an I.S., Inc. employee responsible for preparing and filing reports of Illinois sales of securities under § 4(H) of the 1953 Act. Also attached are copies of all the § 4(H) reports that were filed with respect to sales that are the subject matter of this cause of action. The affidavit and documents indicate that all the provisions of § 4(H) of the 1953 Act that would exempt the transactions from the registration and prospectus requirements of §§ 5 and 6 were satisfied. It is also apparent that defendants filed reports of sale within 30 days of the transaction.

Plaintiffs' response states that the exemption would indeed apply if the reports of sale were accurate. Plaintiffs allege that the reports are inaccurate because they do not note an alleged "overriding royalty interest" in the wells retained by Ferrell Prior. In support of this allegation

of an overriding interest, plaintiff cites one page of Ferrell Prior's deposition where he confusedly stated that he "may have" retained an overriding interest but that he did not remember if that was the case. The *entire* exchange regarding retention of an overriding interest indicates simply that the deponent recalled little about the transaction at issue. The Report filed under § 4(H) stated that there was no overriding interest. Nevertheless, plaintiffs have filed a Memorandum of Exhibit (Document No. 91) that is a copy of an Assignment Document transferring an overriding royalty interest from Ferrell Prior to Vicor Resources, Ltd. with respect to the Wade Lease, which covers the Wade # 3, # 4, and # 5 wells.

Count III of the Complaint alleges violations of §§ 12(A) and (B) of the 1953 Act. Ill.Rev.Stat. ch. 121½, ¶¶ 137.12(A), (B) (1985). Defendants concede that to the extent the Illinois Secretary of State has by rule or regulation required information in addition to that listed in § 4(H), and false or misleading information is provided by the seller, § 12(E) is violated. Nevertheless, defendants assert that because Count III only alleges violations of §§ 12(A) and (B), plaintiff cannot seek relief for a § 12(E) violation.

The Court notes that § 12(A) provides it shall be a violation of the 1953 Act for any person "[t]o sell any security except in accordance with the provisions of this Act." Ill.Rev.Stat. ch. 121½, ¶ 137.12(A) (1985). The requirement that a seller file an accurate report is a provision of the 1953 Act. Ill.Rev.Stat. ch. 121½, ¶ 137.12(E).

Accordingly, defendants' Motion for Summary Judgment as to Terry Sharp and Elvin Copple with respect to Count III is hereby DENIED.

### C. *Summary Judgment as to Elvin Coppel with Respect to Counts III and IV.*

Defendants' motion alleges that they are entitled to summary judgment as to Elvin Copple with respect to Counts III and IV because Copple failed to notify defendants of his election to rescind within

six months after he had knowledge that the sale of securities to him was voidable, as required by § 13 of the 1953 Act, Ill.Rev. Stat. ch. 121½, ¶ 137.13 (1985).

Section 13 provides in pertinent part:

A. Every sale of a security made in violation of the provisions of this Act shall be voidable at the election of the purchaser exercised as provided in subsection B of this Section;

\* \* \* \* \* \*

B. Notice of any election provided for in subsection A of this Section shall be given by the purchaser, *within six months after the purchaser shall have knowledge that the sale of securities to him is voidable*, to each person from whom recovery will be sought, by registered letter addressed to the person to be notified at his last known address with proper postage affixed, or by personal service.

Ill.Rev.Stat. ch. 121½, ¶ 137.13(A), (B) (1985) (emphasis added). Defendants allege that documents furnished by plaintiffs' counsel, copies of which are attached to defendants' motion, clearly establish that Copple knew that the sale of securities to him was unregistered and therefore voidable if not exempt under § 4(H) long before he sent out Notices of Recission to defendants on August 30, 1985. Copple's attorney has conceded that Elvin Copple is barred from pursuing his claims under Counts III and IV because he let the six-month statutory period lapse before sending Notices of Recission to defendants.

It is apparent to the Court that defendants' contentions and plaintiff's admissions are accurate. Furthermore, Copple has filed a Motion to Dismiss Counts III and IV.

Accordingly, plaintiff's Motion to Dismiss (Document No. 102) is hereby GRANTED. Counts III and IV are hereby dismissed with prejudice as to Elvin Copple only.

IT IS FURTHER ORDERED that defendants' Motions for Summary Judgment as to Elvin Copple with Respect to Counts III and IV are hereby DENIED as MOOT.

5. Plaintiffs' Motion to Amend the Complaint.

■ Plaintiffs move this Court to grant them leave to further amend their Amended Complaint by adding a count alleging RICO violations. On January 29, 1988, plaintiffs filed a motion to voluntarily dismiss nine counts of their First Amended Consolidated Complaint and substitute the present Amended Complaint. This Court granted plaintiffs' motion. One of the nine counts plaintiff dismissed was a RICO count. Defendants vehemently oppose plaintiffs' present motion, alleging that a further amendment to the Complaint on the eve of trial would unduly prejudice defendants.

In *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court set forth the following general standard that district courts are to use under Rule 15(a) of the Federal Rules of Civil Procedure:

If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, *undue prejudice to the opposing party by virtue of allowance of the amendment*, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

371 U.S. at 182, 83 S.Ct. at 230 (emphasis added).

The Court finds that reinstatement of plaintiffs' RICO claim would unduly prejudice defendants. Plaintiffs' present Motion to Amend was filed the week before trial and more than two weeks after discovery had ended. Plaintiffs have amended their Complaint several times and assured the Court and defendants that the most recent amendment incorporated every theory of liability plaintiffs intended to pursue in this lawsuit. Plaintiffs' proposed theory of liability is not novel and does not depend on facts discovered late in the discovery pro-

cess. *See Murphy v. White Hen Pantry Co.*, 691 F.2d 350, 353–54 (7th Cir.1982).

Accordingly, plaintiffs' Motion to Amend the Complaint (Document No. 92) is hereby DENIED.

### 6. Defendants' Motions to Strike Plaintiffs' Memorandum of Exhibit.

 All defendants move this Court to strike plaintiffs' memorandum of exhibit (Document No. 91), which is a copy of an assignment of an overriding royalty interest from Ferrell Prior, one of the defendants, to Vicor Resources, Ltd.

Defendants' plaintiff objections that said exhibit should be stricken because it was not included as a proposed exhibit in the Final Pre–Trial Order and not provided to defendants during discovery are not well-taken. The document was signed by one of the defendants and involves several of the wells involved in this litigation. The Court finds that defendants cannot be unfairly surprised by a document that was most likely already in their possession and certainly within their ken.

Accordingly, defendants' Motions to Strike (Document Nos. 93, 94) are hereby DENIED.

In summary, the Court hereby orders that defendants' Motions to Dismiss (Document Nos. 79, 80) are DENIED in part and GRANTED in part. Specifically, this Court orders that Count I of the Amended Complaint shall be ignored as duplicative of Count II.

IT IS FURTHER ORDERED that defendants' Motions to Strike the Attorney's Fees Provision (Document Nos. 79, 80) are hereby DENIED.

IT IS FURTHER ORDERED that defendants' Motion to Strike Paragraph 13 of Counts I and II and Paragraph 12 of Count IV (Document Nos. 79, 80) is DENIED in part and GRANTED in part. Specifically, the Clerk is directed to strike the phrase "and continued for a two-year period" from the first paragraphs of Paragraph 13 of Counts I and II and from the first paragraph of Paragraph 12 of Count IV.

IT IS FURTHER ORDERED that defendants' Motions for Summary Judgment (Document Nos. 81, 82) are DENIED. Specifically, the Court rules as follows:

1. Defendants' Motions for Summary Judgment as to Ann Lutz and James Lutz with respect to all counts are DENIED.

2. Defendants' Motions for Summary Judgment as to Terry Sharp and Elvin Copple with respect to Count III are hereby DENIED.

3. Defendants' Motion for Summary Judgment as to Elvin Copple with respect to Counts III and IV are hereby DENIED as MOOT.

IT IS FURTHER ORDERED that plaintiff Elvin Copple's Motion to Dismiss (Document No. 102) is hereby GRANTED. Counts III and IV are hereby dismissed with prejudice as to Elvin Copple only.

IT IS FURTHER ORDERED that plaintiffs' Motion to Amend the Complaint (Document No. 92) is hereby DENIED.

IT IS FURTHER ORDERED that defendants' Motions to Strike (Document Nos. 93, 94) are hereby DENIED.

IT IS FURTHER ORDERED that defendants' Motions to File Responses to plaintiffs' Memorandum Opposing Summary Judgment (Document Nos. 95, 97) are hereby GRANTED.

IT IS SO ORDERED.