Juanita M. GILES, Plaintiff-Appellee,

v.

BLUNT, ELLIS & LOEWI, INC., a corporation and Roger N. Kreuzer, Defendants-Appellants.

No. 86–2468.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 11, 1988.

Decided March 23, 1988.

As Amended March 29, 1988.

Thomas P. Ward, Thomas P. Ward, Ltd., Chicago, Ill., for defendants-appellants.

Jan H. Ohlander, Reno, Zahm, Folgate, Lindberg & Powell, Rockford, Ill., for plaintiff-appellee.

Before WOOD, POSNER, KANNE, Circuit Judges.

KANNE, Circuit Judge.

Blunt, Ellis & Loewi, Inc., a securities firm, and Roger Kreuzer, a broker (sometimes collectively "the brokers") have asked us to review an order by the district judge, staying arbitration of claims based on state law until a federal securities violation claim retained by the district court can be resolved. Both the state and federal claims are contained in the complaint filed in district court by Juanita M. Giles. We agree with the district court's determination that Mrs. Giles' federal securities vio-

lation claim is not subject to arbitration in this instance; however, we determine that the imposition of the stay of arbitration of the state contract and fraud claims was improper under a recent Supreme Court decision.

In early 1981, following her husband's death, Juanita Giles sought to invest a large sum of money. To that end, she opened both a margin and option account with Blunt, Ellis & Loewi, Inc., at its Springfield, Illinois, office. Appellant, Roger Kreuzer, handled Giles' account and agreed to invest Giles' funds in such a manner that the principal would remain protected.

At the time Mrs. Giles opened her accounts, she was asked to sign a General Account Agreement and an Option Account Agreement. Both agreements contained an arbitration clause which read as follows:

ARBITRATION:

If any controversy arises between us in connection with my accounts it *may* be settled by arbitration.... I understand that my entering this agreement bars me from pursuing any claims not arising under the federal securities laws in court, *but does not bar me from pursuing such claims based solely on alleged violations of the federal securities laws in a judicial forum* rather than in arbitration.

(¶ 16 General Account Agreement, ¶ 12 Option Account Agreement) (emphasis added).

In May, 1985, Mrs. Giles filed a complaint against the brokerage firm and Kreuzer alleging that they deceived her and caused her to purchase speculative securities. In addition, she asserted that the brokers engaged in substantial option and margin account trading without her consent.

Eventually, after some procedural maneuvering and a dismissal of her complaint for failure to plead fraud with sufficient specificity, Mrs. Giles filed an amended complaint. That complaint, based on the same factual allegations as the original complaint, charged defendants with violating § 10(b) of the 1934 Securities Exchange

Act (15 U.S.C. § 78j(b)), with making material misrepresentations in breach of an oral contract, and with fraud.

The brokers requested that Mrs. Giles submit her claims to arbitration under the terms of the Option and General Agreements. Mrs. Giles refused, contending her claims did not fall within the parameters of the arbitration clause. The brokers then sought to compel arbitration by filing a motion in the district court under § 3 of the Federal Arbitration Act. 9 U.S.C. § 1 *et seq.*

The district court, relying on a case it had previously decided, *Preston v. Kruezer and Blunt, Ellis & Loewi, Inc.*, 641 F.Supp. 1163 (N.D.Ill.1986), ruled that § 10(b) securities claims are never subject to mandatory arbitration clauses. Moreover, the court held that Mrs. Giles' federal claim was not arbitrable because the contract specifically excluded federal securities claims from arbitration. However, the court ruled that Mrs. Giles' remaining claims, based on state tort law, were arbitrable. The district court then considered whether to stay arbitration of the state claims pending a resolution of the federal claim. Expressing concern that an arbitration decision could collaterally estop a federal court from considering the federal claim *in toto*, the district court stayed the arbitration of the state claims.

The brokers appeal both the ruling that Mrs. Giles' federal securities claim was not arbitrable and the order staying arbitration of the state law claims. The brokers contend the Supreme Court, in *Shearson/American Express v. McMahon*, ––– U.S. –––, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), ruled that § 10(b) claims are not exempt from mandatory arbitration clauses. Thus, they assert that the district court's decision in *Preston* has been overruled and its reliance on *Preston* in this case was in error. The brokers also maintain that another Supreme Court decision, *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), has laid to rest the notion that arbitration of state claims must be stayed pending judicial resolution of any federal securities claims.

In *Shearson/American Express*, a majority of the Supreme Court held that its previous decision in *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), prohibiting compulsory arbitration of claims arising under § 12(2) of the Securities Act of 1933, would not be extended to § 10(b) and Rule 10b–5 claims. The Court found that an arbitration proceeding could provide an adequate means of enforcing § 10(b) and Rule 10b–5. Thus, no inherent danger existed in permitting those claims to proceed to arbitration. Given the strong "federal policy favoring arbitration," *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 944, 74 L.Ed.2d 765 (1983), district courts were compelled to enforce contractual provisions requiring arbitration of § 10(b) securities claims.

The decision in *Shearson/American Express* contradicts the district court's earlier holding in *Preston v. Blunt, Ellis & Loewi.* Of course, the district court did not have the benefit of the *Shearson* decision when it ruled in *Preston* and when it subsequently relied on *Preston* in this case. It is clear now, however, that the district court's conclusion that Mrs. Giles' § 10(b) claims can *never* be the subject of mandatory arbitration is wrong.

Nevertheless, the district court's ultimate decision that Mrs. Giles' federal claim was not subject to arbitration in this case was correct—but for the other reason given. Under the terms of the contract, Mrs. Giles was not required to arbitrate any "claims based solely on alleged violations of the federal securities laws." Nevertheless, the brokers argue that only if Mrs. Giles' entire *complaint* is based solely on federal securities laws, will she be free from mandatory arbitration. Thus, it is claimed that since Mrs. Giles charged the brokers with state law fraud and breach of an oral agreement, as well as a violation of the federal securities laws, she must arbitrate all her claims. Mrs. Giles, on the other hand, maintains that her federal securities claim is separable from her state

claims and that, under the express terms of the agreements she signed, she is not required to arbitrate the federal claim.

We agree with Mrs. Giles. The arbitration clause states that Mrs. Giles is barred from "pursuing *any claims* not arising under the federal securities laws in court, but does not bar [her] from pursuing *such claims* based solely on alleged violations of the federal securities laws in a judicial forum...." (emphasis added). The words "any" and "such," in the quoted passage, modify "claims" and indicate that individual claims are separable. Thus, any claims arising from violations of the federal securities laws may be brought in federal court while any other claims may not. Had the brokers intended to restrict federal judicial review to complaints based solely on federal securities violations, the word "claim" could have been replaced with "complaint" in the arbitration clause.

The brokers also argue that Mrs. Giles' § 10(b) securities claim is so intertwined with her state claims that the claims are not separable and must all proceed to arbitration. Interestingly, the brokers, in an argument to the district court, said:

> In March of this year, the Supreme Court put to rest the 'intertwining' doctrine. *Dean Witter Reynolds, Inc. v. Byrd*, [470] U.S. [213], 105 S.Ct. 1238, 84 L.Ed. 2d 158 (1985). ... The Supreme Court ordered all counts not alleging violations of the federal statute to proceed in arbitration. The Arbitration Act 'leaves no place for discretion by a district court, but instead mandates the district court shall direct the parties to proceed to arbitration *on issues as to which an arbitration agreement has been signed.' Ibid.* [105 S.Ct.] at p. 1241.

(Defendant's Memorandum in Support of Motion for an Order Staying Proceedings and Compelling Arbitration, pp. 5–6.) (emphasis added). In *Byrd*, the district court had retained all issues and refused to sever the arbitrable state claims from the nonarbitrable federal claim because those claims were intertwined.

In this case, the brokers argue that the federal claim is not separable from the arbitrable state claims because the federal claim may now be subject to compulsory arbitration. However, in making this argument, the brokers ignore the language of the arbitration clause drafted by them, which does distinguish between types of claims. Pursuant to that arbitration clause, Mrs. Giles was entitled to bring federal § 10(b) *claims* in a judicial forum. Thus, her federal claim is separable from the arbitrable state claims. As the brokers argued in district court, only claims "as to which the arbitration agreement has been signed" must proceed to arbitration.

We hold that although § 10(b) and Rule 10b–5 claims are arbitrable and may be the subject of a mandatory arbitration clause, Mrs. Giles was not required to arbitrate her § 10(b) claim in this case, given the specific language of her contract. The district court, therefore, correctly declined to order arbitration of Mrs. Giles' federal § 10(b) securities claim.

We must now determine whether the district court's order, staying arbitration of the state claims pending resolution of Mrs. Giles' federal claim, was proper. The Supreme Court decided this exact issue in *Dean Witter Reynolds, Inc. v. Byrd, supra.* Referring to a decision by this court, *Dickinson v. Heinhold Securities, Inc.*, 661 F.2d 638 (7th Cir.1981), the Supreme Court said:

> [T]he Arbitration Act requires district courts to compel arbitration of pendent arbitrable claims when one of the parties filed a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums.

470 U.S. 213, 217, 105 S.Ct. 1238, 1241. Moreover, with respect to the argument that the preclusive effect of two separate proceedings warrants a stay of arbitration of the pendent state claims, the Supreme Court found that effect to be fairly insignificant. Citing its decision in *McDonald v. City of West Branch*, 466 U.S. 284, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984), the Court held it was not at all clear that arbitration awards could be given a *res judicata* or collateral estoppel effect in a related judi-

cial proceeding. Therefore, "there is no reason to require that district courts decline to compel arbitration, or manipulate the ordering of the resulting bifurcated proceeding simply to avoid an infringement of federal interests." *Id.* 105 S.Ct. at 1244. Accordingly, we, like the court in *Byrd*, find the district court erred in granting a stay of the arbitration of the state fraud claims.

The order finding Mrs. Giles' federal § 10(b) claim nonarbitrable under the terms of the agreements signed by Mrs. Giles, is AFFIRMED. The order granting a stay of arbitration of the state contract and fraud claims, pending resolution of Mrs. Giles' federal § 10(b) claim, is VACATED and the district court is ordered to grant the brokers' motion to compel arbitration of the state contract and fraud claims. This case is REMANDED to the district court for further proceedings consistent herewith.