**Bernard J. KAYNE, Plaintiff,**

v.

**PAINEWEBBER INCORPORATED, and Thomas W. Forsberg, Defendants.**

No. 86 C 6646.

United States District Court, N.D. Illinois, E.D.

April 25, 1988.

---

Scott W. Wilton, Williams, Ruststein, Goldfarb & Sharp, Ltd., Chicago, Ill., for plaintiff.

Michael B. Roche, L. Andrew Brehm, Karen A. Mieszala, Schuyler, Roche & Zwirner, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

On September 17, 1986, plaintiff Bernard J. Kayne ("Plaintiff") filed a five-count complaint against the securities firm PaineWebber, Incorporated ("PaineWebber") and one of its employees, Thomas W. Forsberg. Counts I and II alleged violations of § 10(b) of the Securities and Exchange Act of 1934 ("Section 10(b)"), 15 U.S.C. § 78j(b), and Securities and Exchange Commission

Rule 10b–5 ("Rule 10b–5"), 17 C.F.R. § 240.10b–5. Count III alleged a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. Counts IV and V alleged violations of the Illinois Consumer Fraud and Deceptive Practices Act, Ill.Rev.Stat. ch. 121–½, § 261 et seq., and Illinois common law.

On September 30, PaineWebber moved to dismiss all five counts of the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Sixteen months later, on January 12, 1988, this court granted PaineWebber's motion to dismiss Counts I and II, but denied the motion for Counts III, IV, and V. On January 27, 1988, PaineWebber moved this court to compel Plaintiff to submit its remaining claims against PaineWebber to arbitration, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq. This court has jurisdiction under RICO, 18 U.S.C. § 1965.[1] For the reasons set forth below, the motion will be granted.

### FACTS

■ The Client's Agreement ("the Agreement") drafted by PaineWebber and subsequently executed by Plaintiff provides, in pertinent part, that "[a]ny controversy between [Plaintiff and PaineWebber] arising out of or relating to this contract, breach thereof, or any account(s) maintained with [PaineWebber], (except for any claim for relief by a public customer for which a remedy may exist pursuant to an expressed or implied right of action under the federal securities laws), shall be settled by arbitration...." Counts III, IV, and V, the only remaining claims, fall well within this contractual provision. *See Dickinson v. Heinold Securities, Inc.,* 661 F.2d 638, 643 (7th Cir.1981) ("It is axiomatic that the 'parties are bound to arbitrate all matters, not explicitly excluded, that reasonably fit within the language used.'") (*Quoting United Textile Workers of America v. Newberry Mills, Inc.,* 315 F.2d 217, 219

(4th Cir.), *cert. denied,* 375 U.S. 818, 84 S.Ct. 54, 11 L.Ed.2d 53 (1963)). Accordingly, the Agreement gives PaineWebber the right to arbitrate these claims. See *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213 (1985) (where contract provides that certain claims shall be resolved through arbitration, the district court *must* compel arbitration of those claims at the request of either contracting party); *accord Giles v. Blunt, Ellis & Loewi, Inc.,* 845 F.2d 131 (7th Cir.1988).

Plaintiff does not disagree. Instead, he argues that PaineWebber waived its right to arbitrate by filing and pursuing its motion to dismiss.

■ The parties agree that a person entitled to arbitration may waive that right and allow the dispute to proceed in court. *Dickinson v. Heinhold Securities, Inc.,* 661 F.2d at 643. The parties also agree that the test for determining whether a party has waived the right to arbitrate is whether that party has taken action inconsistent with that right, and whether the opposing party has been prejudiced by this action. *See* 9 U.S.C. § 3; *Ohio–Sealy Mattress Mfg. Co. v. Kaplan,* 712 F.2d 270 (7th Cir.1983), *cert. denied,* 464 U.S. 1002, 104 S.Ct. 509, 78 L.Ed.2d 698 (1983). Thus, the first (and as it turns out only) question this court need resolve is whether PaineWebber has acted inconsistently with its right to arbitrate.

■ A number of courts have held that, when a plaintiff files a complex multi-count complaint containing arbitrable and non-arbitrable claims, a defendant may file a motion to dismiss without waiving the right to arbitrate even the arbitrable claims. *E.g., Rush v. Oppenheimer & Co.,* 779 F.2d 885 (2d Cir.1985); *Sweater Bee By Banff, Ltd. v. Manhattan Industries,* 754 F.2d 457 (2d Cir.1985); *Sennett v. Oppenheimer & Co., Inc.,* [1979–80 Transfer Binder] Fed.Sec.L. Rep. (CCH) ¶ 97,378 (N.D.Ill.1980). Thus, PaineWebber contends, because Plaintiff's original complaint contained three claims which were, at the time the motion to dis-

---

**1.** Although the Federal Arbitration Act creates a body of substantive federal law, it is not an independent source of federal jurisdiction. *Mo-*

*ses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 942 n. 32, 74 L.Ed.2d 765 (1983).

miss was filed,[2] arguably non-arbitrable,[3] PaineWebber was *ipso facto* entitled to move to dismiss the entire complaint without waiving the right to later compel arbitration of any of the claims.

This court disagrees with that analysis. The cases on which PaineWebber relies all involve complex complaints with numerous claims, some of which were arguably non-arbitrable. Accordingly, the courts permitted the defendants to move to dismiss the complaints so that they could "clarify what the lawsuit[s were] all about," *Sennet v. Oppenheimer & Co., Inc.* [1979–80 Transfer Binder] Fed.Sec.L.Rep. (CCH) at ¶ 97,502, and protect their rights in the judicial forum in case the courts ultimately determined that the arguably non-arbitrable claims were, indeed, non-arbitrable. *Sweater Bee By Banff, Ltd. v. Manhattan Industries,* 754 F.2d at 463.

Where, however, a complaint contains only a small number of claims, some of which are clearly arbitrable, a defendant cannot rely on those cases for a hard and fast rule that it may seek judicial resolution of even the clearly arbitrable ones before deciding whether it would prefer to have an arbitrator hear them. *Ohio–Sealy Mattress Mfg. Co. v. Kaplan,* 712 F.2d at 273 (the determination of whether a party has waived a contractual right to arbitrate requires a flexible inquiry "depend[ing] on

the facts of the particular case"). On the contrary, although a defendant is entitled to protect his interests by moving to dismiss any arguably non-arbitrable claims, he generally may not "forum-shop" by first asking a court to examine the merits[4] of his claims and then, if displeased with the result, demanding that the court send them to an arbitrator. *See Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc.,* 817 F.2d 250 (4th Cir.1987); *Jones Motor Company v. Chauffeurs, Teamsters & Helpers Local Union,* 671 F.2d 38, 43 (1st Cir.), *cert. denied,* 459 U.S. 943, 103 S.Ct. 257, 74 L.Ed.2d 200 (1982); *cf. Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985) (where cases involve arbitrable and non-arbitrable claims, the district court must compel arbitration of arbitrable claims even where they are "intertwined with" the non-arbitrable claims).

■ Yet, though PaineWebber misinterprets the caselaw, it reaches the correct result. PaineWebber did not, by moving to dismiss the complaint, waive its right to arbitrate the § 10(b) and RICO claims, since those claims were arguably non-arbitrable at the time it moved to dismiss. Nor did PaineWebber waive its right to arbitrate Counts IV and V, for PaineWebber sought dismissal of those clearly arbitrable claims, not on their merits, but solely on

**2.** Until the Supreme Court decided *Shearson/American Express, Inc. v. McMahon,* —— U.S. ——, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987) in June, 1987, it was unclear in this circuit whether a party could compel arbitration of claims brought under § 10(b) and RICO even where the parties had a contract purportedly requiring arbitration of those claims. *See Blunt, Ellis & Loewi, Inc. v. Giles,* 845 F.2d 131 (7th Cir.1988). *Compare Austad v. Drexel Burnham Lambert, Inc.,* 638 F.Supp. 480 (N.D.Ill. 1986) (§ 10(b) claims are arbitrable); *Steinberg v. Illinois Company, Inc.,* 635 F.Supp. 615 (N.D. Ill.1986) (same). In *McMahon,* the Supreme Court explicitly held that such claims are arbitrable.

**3.** For some reason, both Plaintiff and PaineWebber seem to accept that all three of the federal claims were subject to the Agreement's provision for mandatory arbitration, and thus were arguably non-arbitrable at the time PaineWebber moved to dismiss, because of the split in the caselaw over the enforceability of such a provi-

sion. *See supra* note 3. This is odd, since the relevant provision appears to expressly except the § 10(b) claims. Nevertheless, in light of the parties' agreement on this issue, and because the arbitrability of the § 10(b) claims does not, in any case, alter either the analysis or the result reached here, this court will not pursue the matter further.

**4.** This court rejects PaineWebber's effort to distinguish between the effect of Rule 12(b)(6) motions to dismiss on the grounds of "pleading deficiencies," and those which go to the "merits" of the claims. While this often metaphysical distinction may well have some meaning in the contexts of claim and issue preclusion and finality for purposes of appeal, it is irrelevant here. An arbitrator is as capable of determining whether a claim is improperly pled as he is of deciding whether the claim is meritorious, and he should be the one who makes this determination if, in fact, the claim is headed for arbitration.

982

the grounds that they were pendent state law claims which, if this court dismissed Counts I, II, and III, could have been dismissed as well.

■ This does not, however, end the inquiry here. Although Counts I, II, and III were arguably non-arbitrable at the time PaineWebber moved to dismiss them, *see supra* note 2, the Supreme Court issued its opinion in *Shearson/American Express, Inc. v. McMahon,* —— U.S. ——, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), while the motion was pending before this court. In *McMahon,* the Supreme Court expressly held that district courts must enforce contractual provisions requiring arbitration of § 10(b) and RICO claims. Thus, Plaintiff argues, PaineWebber should have moved to compel arbitration of the entire case—now containing all clearly arbitrable claims—once it learned of that opinion.

Plaintiff's argument is not without force. As discussed above, it is ordinarily inappropriate for a party to seek a ruling from a court and then, if unsatisfied with that ruling, merely shift to another forum. Nevertheless, this court has determined that, under the special circumstances of this case, PaineWebber will get that opportunity.

The Supreme Court has made it crystal clear that any doubts as to whether a party has waived the right to arbitrate "should be resolved in favor of arbitration." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). Thus, a party only waives the right when he unambiguously "takes action inconsistent with" it. *Sweater Bee By Banff v. Manhattan Industries,* 754 F.2d at 461 (waiver of arbitration is not to be "lightly inferred"). Here, after *McMahon* was decided, PaineWebber took no action at all. Perhaps it did not only because it hoped this court would dismiss the case and thereby make arbitration unnecessary; if so, this was improper. On the other hand, perhaps it chose not to immediately move to compel arbitration, at least in part, because it did not want to create the appearance that it was forum-shopping—i.e., re-

moving a pending motion from this court to avoid an anticipated adverse ruling. There is no way to know. And because there is not, this court cannot say that PaineWebber's failure to act constituted an unambiguous relinquishment of its contractual rights.

CONCLUSION

PaineWebber's Motion to Compel Arbitration is granted.