**Raymond E. GOTSHALL, Plaintiff,**

v.

**A.G. EDWARDS & SONS, INC., and John R. Stuhrenberg, Defendants.**

**No. 88 C 2763.**

United States District Court, N.D. Illinois, E.D.

Dec. 15, 1988.

Arnold A. Pagniucci, Jeffrey T. Gilbert, Sachnoff, Weaver & Rubenstein, Ltd., Chicago, Ill., for plaintiff.

Paul B. Uhlenhop, Kent Lawrence, Jeffery H. Fradkin, Lawrence, Kamin, Suanders & Uhlenhop, Chicago, Ill., for defendants.

## MEMORANDUM OPINION
## AND ORDER

PARSONS, District Judge.

The plaintiff in 1965 retained the defendant stock brokerage firm to manage his securities transactions account and in doing so executed two brokerage contracts with the defendant, a Customer's Agreement and an Option Account Agreement, in which he authorized Edwards to buy and sell securities for him and to pledge and hypothicate his funds and securities together with the funds and securities of other customers on a commission basis. Both contracts provided that the parties would submit any disputes between them to arbitration, except that each such commitment to arbitrate controversies was accompanied by small print caveat to the effect that arbitration between them could not be compelled with respect to disputes arising under federal security laws.

Apparently the investment program, managed for the plaintiff by Edwards' employee-brother Stuhrenberg, co-defendant in this case, went foul and plaintiff lost approximately two million dollars. Gotshall and Edwards squared off in serious controversy. Edwards posted the matter with arbitrators in a complaint to which Gotshall counterclaimed fraud and deception. Then, without waiting on the arbitra-

tion, Gotshall came over to the federal court system and filed this case charging Edwards and its agent Stuhrenberg jointly with causing him financial injury due to conduct which he claims is violative of provisions of the federal Securities and Exchange Acts of 1933 and 1934.

Defendants have responded with several motions. They are: (1) to stay these proceedings and compel the plaintiff to go ahead with the arbitration; (2) to throw the case out because it charges violations of section 17(a) of the Securities Act and sections 10 and 15 of the Exchange Act of 1934, for which, they allege, "there are no private causes of action"; (3) to dismiss claims I through V for failure to plead with particularity facts alleging fraud under F.R.C.P. 9(b); (4) in the alternative, to make Gotshall replead his complaint with more definite statements under F.R.C.P. 12(e); and (5) to strike under rule 12(f) certain of the so-called claims on the ground that they are insufficient on their face and are prejudicial.

### Motion to Compel Arbitration and Stay Proceedings

The first of these attacks on the complaint is the most important and difficult to deal with because of the appearance of uncertainty in this circuit with relation to arbitration agreements in securities contracts, and the impact on the state of the law on this issue with the recent decision of the Supreme Court in *Shearson/American Express v. McMahon*, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987). The decisions of the judges of this bench prior to *McMahon* were without clear guidance, and some courts interpreted *McMahon* as holding that a brokerage customer under an agreement providing for arbitration is required to arbitrate alleged violations of the federal securities laws. In *McMahon*, however, the Supreme Court was not faced

with, as the court is here, an arbitration agreement containing express language to the effect that the investor/customer is not compelled to arbitrate his federal securities claims. On the contrary, the *McMahon* parties had agreed to arbitrate any disputes that arose. The agreement in this case, however, expressed in plain and clear language, was that federal securities claims were not bound to be resolved by arbitrators.

Because of the factual differences between the *McMahon* case and this one, as stated above, the court finds the recent decision of the Seventh Circuit in *Giles v. Blunt, Ellis and Loewi, Inc.*, 845 F.2d 131 (7th Cir.1988), to be more applicable to the instant case.[1] In *Giles*, an investor brought a securities action against a brokerage firm and its broker. The court held, among other things, that the investor's federal securities fraud claim was not subject to arbitration. *Id.* Its decision was based on the strength and plain language of the arbitration agreement between the parties stating in pertinent part that the investor was not barred "from pursuing such claims based solely on alleged violations of the federal securities laws in a judicial forum rather than in arbitration." *Id.* at 133–34.

At issue here, as it was in the *Giles* case, is whether a specific disclaimer of an arbitration agreement in the brokerage contract as it relates to federal securities claims is binding on the parties. The present state of the law leaves such caveats enforceable, and each of the agreements here contained the caveat to the effect that "Arbitration cannot be compelled with respect to disputes arising under the federal securities laws." Accordingly, the express language of the agreement will be upheld and the court cannot

1. *See also Leicht v. Bateman, Eichler, Hill Richards, Inc.*, 848 F.2d 130, 132–34 (9th Cir.1988). Customer was not obligated to arbitrate federal securities claims against his broker under a customer agreement providing that any controversy between them would be settled by arbitration but that the customer was not required to arbitrate any dispute arising under the federal securities laws and could resolve such dispute through litigation, despite brokers' contention that the latter clause was merely a disclaimer of liability in accordance with the SEC rule declaring it a fraudulent, manipulative or deceptive act or practice for brokers to enter into an agreement with customers purporting to bind the customers to arbitration of future disputes under the federal securities laws.

compel arbitration based on the reasoning of the *McMahon* decision given the factual differences that exist between that case and this one.

▮▮▮ Defendant argues that by filing a counterclaim in the arbitration proceedings plaintiff has waived his right to proceed in court and that this court should stay the proceedings that are before it. The court concludes that the exception here to the arbitration agreement, that of allowing alleged violations of federal securities laws to be pursued in court, is as applicable to the situation in which a brokerage customer has started but held up on or deserted an arbitration procedure already instituted and participated in by both of the parties as it does to the arbitration proceedings that have not yet begun. Whether the customer has, by his starting out with the arbitration, irrevocably waived his right to proceed with his claim in the courts depends on the distance he has proceeded with arbitration. Here the customer has gone no further than responding with a statement of his claims in his response to the complaint against him filed with the arbitrator by the broker. That is not proceeding far enough to constitute a waiver, and he is free to defer any further cooperation with arbitration and proceed on instead with his case in court.

▮▮▮ In addition, where there are ongoing simultaneous proceedings in arbitration and in court dealing with the same case, each will proceed in its normal course. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 225, 105 S.Ct. 1238, 1245, 84 L.Ed. 2d 158 (1985) (White, J., concurring). A stay of either proceeding is not required so that defendants' motion in this respect will have to be denied.

Defendants have also argued that the court should sever and compel arbitration of plaintiff's fifth and sixth claims because they are in reality state law claims and do not arise under federal securities laws. Section 15 of the Securities Act, 15 U.S.C. section 77o, and section 20(a) of the Exchange Act, 15 U.S.C. section 78t(a), hold controlling persons liable for actions of those under their control which constitute violations of either act. Plaintiff's fifth claim clearly falls within these federal securities laws and does not constitute a mischaracterization of a state law claim. Additionally, in regards to the sixth claim, plaintiff does not stand on nor seek relief from state law. Finally, as will be shown and as stated later on in this opinion, both plaintiff's fifth and sixth claims and derived from and intrinsically related to the rest of his complaint. Accordingly, no claim in this complaint is severable and available to be arbitrated as a state law claim.

### Private Cause of Action

A question is raised as to a private right of action under section 17(a) of the Securities Act of 1933 or under section 15 of the Exchange Act of 1934. I have over the years and consistently in recent cases always found that a private right of action does exist to bring to answer a party for violations of sections of the Exchange and Security Acts under which this case has been brought.

▮▮▮ In recent years there has been a division on this subject between those of us who follow Judge Prentice Marshall's decision on this question, and those who follow Judge Bua's reasoning. I have followed, before I was aware of Judge Bua's case, the reasoning he applied in his decision in *Onesti v. Thomson McKinnon Securities, Inc.*, 619 F.Supp. 1262 (N.D.Ill.1985). I am convinced that that position is consistent with both the weight of judicial determinations throughout the circuits, and the dicta of the Seventh Circuit in its *Pension Trust Fund* case, without directly addressing the issue, that there properly may be such a cause of action. *Teamsters Local 282 Pension Trust Fund v. Angelos*, 762 F.2d 522, 530–31 (7th Cir.1985). My decision here is that there is a private cause of action as pleaded and that the defendants' motion regarding it must be denied.

### Sufficiency of the Pleadings

The defendants' third motion is to dismiss claims I through V, pursuant to F.R. C.P. 9(b), for failure to set forth with the

requisite particularity all facts and circumstances constituting the alleged fraud contained therein. Generally, a complaint is sufficient "when it sets forth the time, place, particular contents of the false representation, the identity of the party making the misrepresentation, and the consequences of the misrepresentations." *Onesti v. Thomson McKinnon Securities, Inc.*, 619 F.Supp. 1262, 1265 (N.D.Ill.1985). The specificity requirements of Rule 9(b) are required to ensure that defendants have been sufficiently apprised of the claimed fraud to permit adequate responsive pleadings. *Id.* Even so, Rule 9(b)'s more stringent requirements must be read in conjunction with rule 8, which only requires a short and plain statement of the claim. *Id.*

■ The plaintiff's complaint on its face shows that he has complied with the requirements of F.R.C.P. 9(b). The complaint, through its nine pages of factual background and fourteen pages of claims for relief, adequately specifies the transactions and the approximate time frame, the contents of the alleged misrepresentations and the essence of omitted information, and the identities of those involved. The plaintiff, having set forth in his complaint the time, place, and contents of the alleged false representations, as well as the names of the individuals who made them, and the damage caused by the misrepresentations and omissions, has described the essential aspects of defendants' allegedly fraudulent activity. For these reasons, defendants' motion to dismiss claims I through V for failure to plead with particularity is denied.

For the same reasons, defendants' motion for a more definite statement under F.R.C.P. 12(e), and the motion to strike certain portions of the pleading under 12(f) are also denied. The plaintiff's complaint is really alleging one charge of violating federal securities laws. To support this charge, or count, the plaintiff sets forth six different claims. The same laws are allegedly violated, and the same relief is requested on all of the claims. The claims, although separated with what could be mistaken as separate counts, could, in com-

plete compliance with the rule, all be alleged under one count.

As such I could treat plaintiff's complaint in one of three ways: (1) I can leave the complaint as it is and allow proof of everything claimed in the six claims as proof of one claim; (2) I can strike all of the supplemental claims, i.e., those numbered 2, 3, 4, 5, and 6 but enter an order allowing all of the proof of those multiple charges to go in as evidence of the first claim; or (3) I could leave them all in but designate claims II through VI as additional statements particularizing the charges of claim I pursuant to F.R.C.P. 12(e). Viewed in this light, the plaintiff's complaint withstands any "insufficiency" attacks made here by the defendants. All motions of the defendants having been denied, this case must proceed onward.