**Steven J. PIPIA, Plaintiff,**

v.

**RAUSCHER PIERCE REFSNES, INC., et al., Defendants.**

**No. 89–4055–R.**

United States District Court, D. Kansas.

May 31, 1989.

Scott J. Bloch, Stevens, Brand, Lungstrum, Golden & Winter, Lawrence, Kan., for plaintiff.

James D. Griffin, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, Kan., for defendants.

MEMORANDUM AND ORDER

ROGERS, District Judge.

This matter is presently before the court upon defendants' motion to stay proceedings pending arbitration. The court has

carefully examined the briefs filed by the parties and is now prepared to rule.

This action was filed in state court by plaintiff on February 15, 1989. The complaint named as defendants the brokerage firm of Rauscher Pierce Refsnes, Inc., and Ronald L. Richardson, one of its account representatives. The complaint alleges that plaintiff purchased some stock based on the representations and assurances given by one of Rauscher's employees. Thereafter, plaintiff complained that the stock had lost a substantial amount of value. Rauscher then agreed to make restitution to the plaintiff for the amount lost by the plaintiff. Plaintiff accepted the offer of restitution. Rauscher subsequently reneged and withdrew the offer of restitution. The complaint asserts claims of breach of contract and fraud and a claim under the Kansas Consumer Protection Act, K.S.A. 50–623 *et seq.*

The defendants removed this case to this court on March 20, 1989. On that day, they also filed the instant motion to stay. Plaintiff then filed a response to the motion, but also filed a motion to amend his complaint. This motion was thereafter granted. The amended complaint contained the same allegations but added three causes of action: (1) a claim under §§ 10(b), 15 and 20 of the Securities Exchange Act of 1934; (2) a claim under §§ 12(2), 15 and 17(a) and (b) of the Securities Act of 1933; and (3) a claim under the Racketeer Influenced and Corrupt Organizations Act of 1970 (RICO). The defendants later filed a reply to the plaintiff's response on the instant motion, and then subsequently asked the court to consider the arguments they made in their briefs as applicable to plaintiff's amended complaint.

In the instant motion, defendants argue that the claims asserted in plaintiff's amended complaint are subject to arbitration, and this action should be stayed pending arbitration. Plaintiff has argued in response that the claims asserted by him are nonarbitrable.

The arguments of parties arise from the following provision contained in the "Customer's Agreement" entered into between the plaintiff and Rauscher on June 16, 1986:

Any controversy between you and the undersigned arising out of or relating to this contract or breach thereof, shall be settled by arbitration, in accordance with the rules, then obtaining, of the Board of Arbitration of the New York Stock Exchange. Any arbitration hereunder shall be before at least three arbitrators and the award of the arbitrators, or of a majority of them, shall be final, and judgment upon the award rendered may be entered in any court, state or federal, having jurisdiction. Not withstanding the foregoing, you are not required to arbitrate any dispute or controversy that arises under Federal Securities Laws, but instead can resolve any such dispute or controversy through litigation in the courts.

The Federal Arbitration Act provides that written agreements to arbitrate controversies arising out of an existing contract "shall be valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Act authorizes parties to an arbitration agreement to petition a federal district court for an order compelling arbitration of any issue referable to arbitration under the agreement. *Id.,* at §§ 3, 4. There is a well-established and widely recognized federal policy favoring arbitration of contractual disputes when the parties have agreed to arbitrate. *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). Moreover, "the Arbitration Act establishes that, as matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or alike defense to arbitrability." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983).

The court finds that all of plaintiff's claims except those arising under federal securities laws are subject to arbitration.

The claims asserted by plaintiff under the Securities Exchange Act of 1934 and the Securities Act of 1933 are not subject to arbitration.

■ Plaintiff has argued that none of his claims are subject to arbitration because they do not "arise out of" or "relate to" the breach of the customer's agreement. We disagree. Here, plaintiff complains that he lost some of his money on a stock purchase and the defendants offered to restore the money he lost. Plaintiff further claims that the defendants backed out of that promise. These allegations clearly "arise out of" the purchase of stock pursuant to the Customer's Agreement. The court's ruling complies with the Supreme Court's mandate in *Moses H. Cone* to broadly apply arbitration clauses and resolve all doubts in favor of arbitration.

■ The defendants have argued that all of plaintiff's claims, including those that arise specifically under federal securities laws, are subject to arbitration. The claims raised by plaintiff are arbitrable as a matter of law. *See Prima Paint Corp. v. Flood & Conklin Manufacturing Co.,* 388 U.S. 395, 402–07, 87 S.Ct. 1801, 1805–08, 18 L.Ed.2d 1270 (1967) (claims of fraud); *Rodriguez de Quijas v. Shearson/American Express, Inc.,* —— U.S. ——, ——, 109 S.Ct. 1917, 1919–23, 104 L.Ed.2d 526 (1989) (claims under the Securities Act of 1933); *Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 227–42, 107 S.Ct. 2332, 2338–46, 96 L.Ed.2d 185 (1987) (claims under the Securities Exchange Act of 1934 and RICO). However, the unequivocal language of the arbitration clause in question gives the plaintiff the contractual right to litigate, rather than arbitrate, his federal securities claims.

In *Leicht v. Bateman Eichler, Hill Richards, Inc.,* 848 F.2d 130 (9th Cir.1988), the Ninth Circuit considered a provision virtually identical to the one contained in the instant Customer's Agreement and concluded that the language of the provision constituted an express right to litigate federal securities claims. 848 F.2d at 133–34. We concur in the analysis and the result reached by the court in *Leicht. Also see*

*Giles v. Blunt, Ellis & Loewi, Inc.,* 845 F.2d 131 (7th Cir.1988); *Creative Securities Corp. v. Bear Stearns & Co.,* 671 F.Supp. 961 (S.D.N.Y.1987), *aff'd without pub. op.,* 847 F.2d 834 (2d Cir.1988). The cases relied upon by the defendants are distinguishable from the instant case because of the different language contained in the arbitration clauses. To the extent that any of those cases contain language similar to the clause in this case, the court is not persuaded by the reasoning in those cases. Finally, the affidavit filed by the defendants does not indicate that the parties had an intent different from the express language contained in the arbitration clause.

■ Having found that some, but not all, of the claims in this case are arbitrable, the court must now decide whether to stay the remaining claims pending arbitration. The decision to stay the balance of the proceedings is a matter within the discretion of the court. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp., supra,* 460 U.S. at 20 n. 23, 103 S.Ct. at 939 n. 23. The general rule is that arbitration and federal litigation should proceed simultaneously absent compelling reasons to stay the litigation. *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 225, 105 S.Ct. 1238, 1244, 84 L.Ed.2d 158 (1985) (White, J., concurring); *Chang v. Lin,* 824 F.2d 219, 223 (2d Cir.1987); *Girard v. Drexel Burnham Lambert, Inc.,* 805 F.2d 607, 611 (5th Cir. 1986). Here, we find no compelling circumstances. Accordingly, defendants' motion for stay pending arbitration shall be denied.

IT IS THEREFORE ORDERED that defendants' motion for stay pending arbitration be hereby denied.

IT IS SO ORDERED.